CALIFORNIA PRUNE & APRICOT GROW-
ERS, Inc., v. EL RENO WHOLESALE
GROCERY CO.*

(Circuit Court of Appeals, Eighth Circuit.
November 9, 1926.)

No. 6861.

1. Estoppel ⬉⟿52.

Essential elements of "estoppel in pais" are ignorance of party claiming estoppel of matter involved, silence concerning that matter and duty to speak, action on the apparent situation, and resulting damage, if estoppel is denied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel in Pais.]

2. Sales ⬉⟿50—Buyer, failing to question validity of contract for sale of prunes or price fixed therein, before delivery, held estopped thereafter to do so.

Where contract for sale of prunes was made more than five months before delivery, and where seller two months before delivery notified buyer of its opening prices, which thereupon became contract price, held, seller, making no complaint as to validity of contract or price before delivery, was estopped thereafter to do so.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the California Prune & Apricot Growers, Inc., against the El Reno Wholesale Grocery Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Milton D. Sapiro, of San Francisco, Cal. (Sapiro & Hayes, Sapiro & Levy, Sapiro, Levy, Hatfield & Hayes, and Sapiro, Levy & Hayes, all of San Francisco, Cal., and Embry, Johnson & Tolbert, of Oklahoma City, Okl., on the brief), for plaintiff in error.

W. F. Wilson, of Oklahoma City, Okl. (Wilson, Tomerlin & Chandler, of Oklahoma City, Okl., on the brief), for defendant in error.

Before STONE, KENYON, and BOOTH, Circuit Judges.

STONE, Circuit Judge. This is an action on contract to recover for failure to accept and pay for prunes shipped by the seller from California to the purchaser in Oklahoma. At the close of the plaintiff's evidence, the court directed a verdict in favor of defendant for the reason that the contract was unenforceable because lacking mutuality.

The contract was written. It was executed on May 18, 1920, and provided for the sale and purchase of described quantity and quality of prunes to be delivered during October and November, 1920, at El Reno, Okl. The

*Rehearing denied December 16, 1926.

prunes were to be of the 1920 crop, the price was to be "firm at seller's opening prices, said prices guaranteed against seller's own decline until January 1, 1921." The terms were f. o. b. shipping point, draft to be accompanied by bill of lading. The trial court thought that the contract lacked mutuality in connection with the prices because it deemed those prices to be entirely within the control of the seller.

The first question presented to us is whether the answer of defendant to the amended petition was such as to permit the above defense. This point was presented to the trial court which ruled that a portion of the answer constituted a general denial; that, under the Oklahoma rule, a party was permitted to plead in the alternative and that lack of mutuality might be shown under a general denial. We deem it unnecessary to determine this matter of pleading because we think the evidence in this record sustains the contention of plaintiff in error that defendant in error is estopped by its conduct to rely upon this defense.

[1, 2] The elements of an estoppel in pais have been too often stated by this and other courts and are too well established and known to justify elaboration here. A concise statement of those elements, in so far as applicable here, is sufficient. Such elements are: ignorance of the party claiming the estoppel of the matter attempted to be asserted; silence concerning that matter where there is a duty to speak; action by the party upon the apparent situation and resulting damage if the estoppel is denied. McCullough v. Satterthwait, 11 F.(2d) 111, 114 (this court); Dustin Grain Company v. McAllister, 296 F. 611, 615 (this court); Dickson v. Neal, 2 F. (2d) 533, 536 (this court); Blakemore v. Lewelling, 281 F. 952, 958 (this court); Detroit T. & I. R. Co. v. Detroit & T. S. L. R. Co. (C. C. A.) 6 F.(2d) 845, 853 (6th Circuit); Lamborn v. Hardie Co. (C. C. A.) 1 F.(2d) 679, 681 (6th Circuit); First Federal Trust Co. v. First National Bank, 297 F. 353, 356 (9th Circuit).

This contract was executed on May 18, 1920, for delivery during October and November following at El Reno, Okl. The price was to be "at seller's opening prices." On August 11, 1920, plaintiff fixed these "opening prices" at definite figures. Those prices were, on that day, communicated in detail to defendant in a letter ending "We confirm these prices to apply on your contract No. ———." The prunes were shipped October 21, 1920, and arrived at El Reno in due course. Shortly after arrival, defendant re-

fused to accept the prunes. On November 13th and 29th, defendant stated, in letters to plaintiff, its grounds for refusing to accept the shipment. In the first of these letters, it stated:

"We cannot do anything with these prunes at the price you make, the price is entirely out of line."

In the second letter, it stated:

"If this price had of been right we would have taken up the prunes when they came in."

The clear situation was as follows: The defendant knew that plaintiff regarded the contract as binding; no question of invalidity had arisen or been suggested by either; more than two months before delivery, plaintiff had confirmed the definite prices. During the more than five months between execution of the contract and delivery and during the more than two months between confirmation of the definite prices and the delivery, defendant never suggested any invalidity in the contract nor informed the plaintiff, in any manner, that it did not expect to perform its part of the contract. Such a situation, with ample time and opportunity to act, imposed upon the defendant the duty to inform plaintiff if it intended to repudiate the contract on the ground of invalidity. It remained silent when it should have spoken. Plaintiff acted upon the situation as it had a right to believe it existed. It was harmed by such action. The defendant cannot now be heard to speak.

The judgment is reversed and the case remanded for a new trial.