## JULIAN v. NICHOLSON.

### No. 9956.

Circuit Court of Appeals, Eighth Circuit.

July 18, 1934.

Halbert H. McCluer, of Kansas City, Mo. (William H. Wilson, of Kansas City, Mo., on the brief), for appellant.

Donald E. Lyons, of Kansas City, Mo. (Leslie J. Lyons, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and DEWEY, District Judge.

GARDNER, Circuit Judge.

In this action at law tried to the court without a jury on stipulation of the parties, appellant, as plaintiff below, sought to recover of the appellee the sum of $4,500 as damages for the wrongful conversion of personal property in the form of a cashier's check issued by the Fidelity National Bank & Trust Company of Kansas City, Mo.

We shall refer to the parties as they appeared in the lower court.

One George E. Davidson, being threatened with criminal prosecution in Kansas, employed the plaintiff, who was an attorney, to represent him in connection with his defense. Needing funds for payment of a fee to his attorney, and other expenses resulting from the threatened prosecution, Davidson called upon the Uhls Clinic, Inc., whose business seems to have been transacted through Dr. Kenn B. Uhls, its president, and received a cashier's check for $4,500 issued by the Fidelity National Bank & Trust Company, payable to the order of Dr. Uhls, and by him indorsed in blank. Davidson in turn delivered this check to plaintiff in payment of attorney fees for services thereafter to be rendered, and for expenses. On January 8, 1924, a few days subsequent to the time plaintiff procured the cashier's check, he caused it to be presented

to the Fidelity National Bank & Trust Company of Kansas City for payment. Payment was refused on the ground that there was some question as to the title of Uhls, and the bank wrote across the face of the check in red ink, "Presented for payment by Mrs. Kenn B. Uhls this January the 8th, 1924, and payment refused because of a dispute as to the title thereto." Plaintiff later personally presented the check for payment, and was advised that a writ of garnishment had been served upon the bank in some proceeding brought by a creditor of the Uhls Clinic, Inc., and the funds against which the check was drawn were therefore impounded.

About January 12, 1924, the defendant, Nicholson, was appointed receiver of the Uhls Clinic, Inc., in a suit instituted against it in the United States District Court for the District of Kansas, and ordered to take possession of all the assets of said company. Learning of the outstanding cashier's check in possession of plaintiff, he made demand for it of plaintiff as a part of the assets of said Uhls Clinic, Inc., whereupon, without protest or condition, plaintiff surrendered the check to the defendant as such receiver. Defendant then deposited the check to his credit as receiver, and thereafter paid out its proceeds in discharge of claims allowed by the United States District Court for the District of Kansas, and pursuant to orders of that court. The receivership was terminated and defendant discharged.

At no time during the receivership did plaintiff assert any claim to the check or its proceeds, nor did he make any demand on the defendant with reference thereto until after he had learned that defendant had been discharged and had paid out the proceeds of the check in payment of allowed claims against the Uhls Clinic, Inc.

The court concluded that the plaintiff was estopped to maintain this action against the defendant, and entered judgment dismissing his petition. From the judgment so entered plaintiff has appealed.

We think the only substantial question presented by the record is whether or not the court erred in holding that the plaintiff was estopped to maintain his action.

The $4,500 cashier's check issued by the Fidelity National Bank & Trust Company, payable to Kenn B. Uhls, was issued against a portion of the proceeds of a $50,000 bond issue to the Uhls Clinic, Inc., of which Kenn B. Uhls was the president. The Uhls Clinic, Inc., was, at the time it received the remittance of the proceeds of the bond issue, in serious financial embarrassment and apparently was insolvent. As has already been stated, when defendant as receiver made demand upon the plaintiff for the possession of this cashier's check as a part of the assets of the Clinic Company, it was delivered over to him by plaintiff without protest. He then proceeded to administer the estate, including the proceeds of this cashier's check, and plaintiff asserted no title to this property until after defendant had disbursed it in the payment of claims of the Clinic, and until the estate had been closed up and he had been discharged. Plaintiff knew the capacity in which defendant was acting when he delivered the check to him. He knew that defendant claimed the check as a part of the assets of the Clinic Company, and that the defendant had no other claim upon it. Plaintiff now seeks to hold defendant personally, and, if plaintiff prevails, defendant will be the loser of $4,500.

There is no doubt that had plaintiff refused to deliver this check to the defendant when demand was made upon him, then the relative rights of the parties could have been judicially determined. Whether or not the defendant as receiver could have recovered the check from plaintiff as a preference, a fraudulent transfer, or on other grounds, need not be here considered. The plaintiff elected not to assert his right to the check. The defendant relied upon his election, and plaintiff cannot now as against the defendant assert a right inconsistent to the position taken by him when he turned the check over. The doctrine of estoppel requires of a party consistency of conduct when inconsistency would work substantial injury to the other party.

There is no claim that when plaintiff turned the check over to the defendant, he was without knowledge of his rights; nor is there any claim that he was not aware of the fact that the defendant was claiming the check as part of the assets of the Clinic Company. It appears conclusively that the defendant acted upon the acquiescence of plaintiff in defendant's asserted right to the property. Defendant has changed his position in reliance thereon, and he was justified in so doing. Under these circumstances, it seems clear that plaintiff cannot be permitted to assert any right to the check, or the proceeds thereof. California Prune & Apricot Growers v. El Reno Wholesale Gro. Co. (C. C. A. 8) 15 F.(2d) 839; Dustin Grain Co. v. McAllister (C. C. A. 8) 296 F. 611; Baker v. Schofield, 243 U. S. 114, 37 S. Ct. 333, 61 L. Ed. 626; Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187;

Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Swain v. Seamens, 9 Wall. 254, 19 L. Ed. 554; Gregg v. Von Phul, 1 Wall. 274, 17 L. Ed. 536; Van Rensselaer v. Kearney, 11 How. 297, 13 L. Ed. 703; Mayer v. Mc-Cracken, 245 Ill. 551, 92 N. E. 355; Pool v. Harrison, 18 Ala. 514.

The judgment appealed from is therefore affirmed.