**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin R. DELLINGER, Defendant–
Appellant.**

No. 92–5409.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1993.

Decided March 1, 1993.

J. Edgar Schmutzer (argued), Mike Mitchell, Asst. U.S. Attys. (briefed), Jerry G. Cunningham, U.S. Atty., Knoxville, TN, for plaintiff-appellee.

Donald A. Bosch (argued), Mark E. Silvey (briefed), Bosch & Silvey, Knoxville, TN, for defendant-appellant.

Before: RYAN and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.

RYAN, Circuit Judge.

Defendant Kevin Ray Dellinger appeals from the sentence of thirty-three months' imprisonment he received after pleading guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) & 2. Dellinger asks this court to decide whether the district court abused its discretion in failing to grant the government's motion for a downward departure in Dellinger's sen-

tence, based on the substantial assistance he provided to authorities.

Concluding that Dellinger has failed to present an appealable issue, we shall affirm.

## I.

After pleading guilty to bank robbery, Dellinger provided the government with information it used to arrest and charge David Ballew, Dellinger's codefendant, who committed suicide in jail before he was to have pled guilty. The government then made a motion, under U.S.S.G. § 5K1.1, for a downward departure in Dellinger's sentence, based on his substantial assistance to authorities. The district judge denied the government's motion, after first engaging in a colloquy with the prosecutor regarding the government's reason for pursuing the downward departure:

[The Court]: Why should there be a downward departure? The main assistance he gave was he told on his fellow— is that the policy of the U.S. Attorney's office that every time more than one person commits a crime, if one of them tells on the other one, you're going to move for a downward departure?

[The Government]: No, sir, it's not a policy. It was that our strength of our case was, was weak against the codefendant; and because of this particular gentleman's assistance, it enabled us to arrest [Ballew] and to bring charges against him and to solidify our case....

[The Court]: Well, that's not an unusual occurrence, is it? .... I mean, in case after case we have one person talking and, and then the others are—they either plead guilty or they go to trial and they testify against them. I don't remember anywhere there's been a motion for a downward departure.

[The Government]: I can remember in— it's been my experience in bank robbery cases where the proof was thin—in other words, they didn't—we had no prints, they wore masks, those kind of cases— we have, I have routinely filed motions for downward departures where we were

able to get one of the codefendants to testify....

Following this colloquy, and after hearing from the defendant, the district court then reasoned as follows in reaching its decision to deny the government's motion:

All right. Well, I tell you what, all cases are tough. These young people in trouble is—got a pretty good life ahead of them, it's not a life thing. I think the probation officer has allowed him credit for everything they could have allowed him credit for; him taking responsibility for the offense, the fact that he's a minimum player in it.... The guideline range is from 33 months to, to 41, I think it is; *and, of course, the government has recommended a downward departure as low as 24; and, of course, when they make a downward departure, the court gets to be judge again, and you can kind of do what you think is right and—but in this case ....* I think the minimum that I can conscientiously agree to on a bank robbery case is, is just the bare minimum under the guideline sentence, which would be 33 months....

(Emphasis added.)

Defendant timely appealed following sentencing.

## II.

U.S.S.G. § 5K1.1 provides that

[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The guideline then provides an inexhaustive list of factors the district court may consider in deciding whether to grant the government's motion.

Appellate review of federal guideline sentences is limited. 18 U.S.C. § 3742(e). The only bases for appeal of a sentence are if it 1) was imposed in violation of law; 2) was imposed as a result of an incorrect application of the guidelines; 3) is outside the applicable guideline range and is unreasonable in light of the district court's rea-

soning; or 4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a).

Dellinger makes several arguments in support of his claim that the district court abused its discretion in failing to grant the government's motion. He contends that the district court simply failed to exercise its discretion to depart downward, and that this failure is reviewable; that the district court erroneously found that the facts used to justify a downward departure had been taken into account elsewhere in the sentencing decision; that the district court failed to give any credence to the government's evaluation of the extent of the defendant's assistance; and that the district court was improperly motivated by a concern for protecting judicial authority to determine a defendant's sentence.

The defendant is correct insofar as he asserts that this court would have jurisdiction under 18 U.S.C. § 3742(e)(2) to review a district court's decision that it lacks discretion, as a matter of law, to depart downward. *See United States v. Spedalieri,* 910 F.2d 707, 710 (10th Cir.1990). Nonetheless, a review of the sentencing hearing transcript reveals that such was not the case here. On the contrary, the colloquy with the prosecutor plainly reveals that the district court considered and understood the substance of the government's motion, yet—finding the government's rationale unpersuasive—chose not to exercise its discretion to depart downward.

All that remains of Dellinger's claim, then, under the circumstances of this case, is an argument that the district court erred in exercising its discretion not to make a downward departure. That claim, however, is not appealable within the provisions of 18 U.S.C. § 3742. This court has no jurisdiction to hear an appeal of a district court's discretionary refusal to depart downward pursuant to U.S.S.G. § 5K1.1. *See United States v. Munoz,* 946 F.2d 729, 730–31 (10th Cir.1991); *United States v. Castellanos,* 904 F.2d 1490, 1497–98 (11th Cir.1990).

III.

Because the defendant has provided this court with no basis for reviewing his claim, we AFFIRM the sentence imposed by the district court.