12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Wayne MAPLES, Defendant-Appellant.
 No. 93-5147.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: MERRITT, Chief Judge; NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Wayne Maples appeals the sentence he received after pleading guilty to two counts of robbing federally insured banks and two counts of using a dangerous weapon during these robberies, in violation of 18 U.S.C. Sec. 2113(a) and (d). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Both parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In exchange for Maples's guilty plea, the government agreed to recommend the dismissal of a fifth charge and to recommend a sentence at the lowest end of the applicable guideline range. The district court accepted the government's recommendation to dismiss, but sentenced Maples at the highest end of the guideline range. As Maples had a Total Offense Level of 24 and a Criminal History Category of VI, the sentencing guidelines specified a range of imprisonment from 100 to 125 months and a range of supervised release from three to five years. On January 6, 1993, Maples was sentenced to imprisonment for an aggregate term of 125 months and to supervised release for five years. He was also ordered to pay $7,161 in restitution. It is from this judgment that Maples now appeals.
 
 
 3
 We have jurisdiction to hear Maples's appeal because he raises specific arguments in support of his claim that his sentence was imposed in violation of law. See 18 U.S.C. Sec. 3742(a)(1). In particular, Maples argues that the district court erred because it did not adopt the government's sentencing recommendation and because it did not give sufficient weight to his cooperation with the government. However, Maples was properly advised that he would not be allowed to withdraw his guilty plea, even though the court was not bound by the plea agreement. The court was aware of its discretion at sentencing, and its decision not to exercise that discretion in Maples's favor does not amount to an error of law. See United States v. Dellinger, 986 F.2d 1042, 1043 (6th Cir.1993). Moreover, it is undisputed that Maples's sentence is covered by the guidelines, that the guidelines were correctly applied and that his sentence fell within the applicable sentencing range. Therefore, Maples has not raised any cognizable ground for relief on appeal. See 18 U.S.C. Sec. 3742(e).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.