33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie Arnez TOLLIVER, Defendant-Appellant.
 No. 93-4111.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 
 2
 Lonnie Arnez Tolliver appeals his convictions and sentence for conspiracy to distribute cocaine base and possession of cocaine base for intended distribution. 21 U.S.C. Secs. 841(a), 841(b)(1)(B)(iii) and 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a federal jury convicted Tolliver of these offenses in addition to one count of aiding and abetting another in making a residence available for the distribution of cocaine, in violation of 21 U.S.C. Sec. 856(a)(2). On appeal, this court vacated Tolliver's conviction and sentence under Sec. 856(a)(2) and remanded the case for resentencing on the other two charges. The district court's original judgment was affirmed in all other respects. On September 29, 1993, the district court resentenced Tolliver to concurrent terms of 92 months of imprisonment and five years of supervised release on each of the two remaining counts. It is from this judgment that Tolliver now appeals.
 
 
 4
 Tolliver's counsel has filed a motion to withdraw with a supporting brief as prescribed by Anders v. California, 386 U.S. 738 (1967). Initially, we conclude that this motion is well-taken as counsel has reviewed the record for possible errors and has concluded that only frivolous issues exist in this appeal. See Rule 12(d)(3), Rules of the Sixth Circuit; Anders 386 U.S. at 744. Tolliver was served with the motion to withdraw on March 15, 1994, and advised that he would have 30 days to file a pro se brief. However, he has not filed a response or any other pleadings with this court.
 
 
 5
 Our independent examination of the record also shows that there are no substantial issues in this appeal. This court has already considered and rejected several claims regarding Tolliver's convictions and sentence in his initial appeal. Furthermore, a review of the record reveals no arguable errors at resentencing.
 
 
 6
 Tolliver argued that he was entitled to a two-point reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 because he had admitted limited participation in the crack house operation in an interview with a probation officer and also because he was ready to accept a plea bargain allegedly proffered by the government prior to trial. However, the district court's factual finding that Tolliver had not accepted responsibility for his actions was not clearly erroneous in light of the deference that is afforded that court's credibility determinations and the fact that Tolliver did take his case to trial. See United States v. Williams, 952 F.2d 1504, 1517 (6th Cir.1991). Indeed, Tolliver would not have been assured of a reduction for acceptance of responsibility even if he had made a timely acceptance of the government's alleged plea offer. See United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992).
 
 
 7
 Tolliver also argued that his attempted acceptance of the plea bargain was a special circumstance that warranted a downward departure from the guideline range. The district court held that this argument was either rejected at Tolliver's initial sentencing or that it was waived because it was not raised at that time. We note that the district court was aware of its discretion to depart downward from the guideline range and that Tolliver's sentence fell within the applicable guideline range. Thus, the district court's decision to deny Tolliver's request for a downward departure is not reviewable on appeal because it was not imposed in violation of any of the conditions stated in 18 U.S.C. Sec. 3742(e). See United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993). Tolliver has waived appellate review of the district court's other findings at resentencing by failing to make any other objections at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 8
 In his motion to withdraw, Tolliver's present attorney states that Tolliver may have an arguable claim of ineffective assistance of counsel based on his trial counsel's failure to secure a proffered plea bargain and the trial court's ruling that the issue was waived because it was not raised in a timely manner. However, this claim involves disputed and undeveloped issues of fact that preclude its resolution on direct appeal. See United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 158 (1993).
 
 
 9
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rules 9(b)(3) and 12(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation