57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fabian DUKES, Defendant-Appellant.
 No. 94-4011.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Fabian Dukes appeals his federal sentence for three counts of unarmed bank robbery, violations of 18 U.S.C. Sec. 2113(a). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Dukes pleaded guilty to these charges on May 5, 1994. On September 12, 1994, the district court sentenced him to an aggregate term of 96 months of imprisonment and three years of supervised release. It is from this judgment that Dukes now appeals.
 
 
 4
 Dukes does not contest the validity of his convictions in this appeal. Instead, he argues that the district court abused its discretion by refusing to grant the government's motion for a downward departure under USSG Sec. 5K1.1, which was based on information that Dukes had provided to federal agents. Dukes now argues that the district court should have given substantial weight to the government's evaluation of his assistance because the value of his cooperation was difficult to discern. See USSG Sec. 5K1.1, comment. (n. 3). However, the refusal to grant the government's request is not reviewable on appeal, as the district court clearly understood that it had the discretion to depart downward from the applicable sentencing range. See United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993).
 
 
 5
 Dukes also argues that his two prior convictions for receiving stolen property were related and should not have been counted separately in computing his criminal history category. He argues that these cases were effectively consolidated because they were both heard by the same judge, who imposed concurrent sentences as to each case on the same date. He also argues that there was no qualifying intervening arrest between the two cases. These arguments are refuted by the commentary to the sentencing guidelines, which provides in pertinent part as follows:
 
 
 6
 Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense ). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 7
 USSG Sec. 4A1.2, comment. (n. 3) (emphasis added). The prior offenses in the present case were separated by an intervening arrest, as Dukes committed the second offense more than nine months after being arrested for the first. Hence, the alleged consolidation of these offenses is irrelevant because Dukes's intervening arrest definitively shows that they were not related for purposes of calculating his criminal history category. See United States v. Boonphakdee, 40 F.3d 538, 543-44 (2d Cir.1994). Moreover, the offenses were not factually related, had separate docket numbers and resulted in different, albeit concurrent, sentences. Therefore, the offenses were unrelated for the additional reason that they were not clearly consolidated within the meaning of Sec. 4A1.2. United States v. McAdams, 25 F.3d 370, 374 (6th Cir.), cert. denied, 115 S.Ct. 342 (1994).
 
 
 8
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation