68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clint SCARVER, Defendant-Appellant.
 No. 95-1156.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Clint Scarver appeals a district court judgment that sentenced him to 84 months of imprisonment for conspiring to distribute cocaine base, in violation of 21 U.S.C. Sec. 846. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Scarver pleaded guilty to this charge pursuant to an agreement which provided that his sentence would not exceed the mid-point of the applicable sentencing guideline range. The agreement indicated that Scarver would be subject to a guideline range of 135 to 168 months of imprisonment. It also acknowledged the government's discretion to move for a departure below the guideline range if Scarver provided substantial assistance in the investigation of others.
 
 
 3
 At the sentencing hearing, the government moved to reduce Scarver's sentence below the guideline range under USSG Sec. 5K1.1, and recommended a sentence of 84 months of imprisonment. The government also cited 18 U.S.C. Sec. 3553(e), as its recommendation fell below the minimum sentence that was mandated by statute. On January 23, 1995, the district court granted the government's motion and sentenced Scarver to 84 months of imprisonment and five years of supervised release. It is from this judgment that Scarver now appeals.
 
 
 4
 Scarver does not contest the validity of his guilty plea or conviction in this appeal. Instead, he argues that it was inappropriate for the prosecution and the sentencing court to advise him that he might receive a future sentencing reduction under Fed.R.Crim.P. 35. He also argues that the district court should have made a greater reduction under 18 U.S.C. Sec. 3553(e) and USSG Sec. 5K1.1. Scarver did not raise these issues at his sentencing hearing. Therefore, he has waived them for purposes of appellate review, in the absence of plain error that affects his substantial rights. See United States v. Sherrod, 33 F.3d 723, 724-25 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995).
 
 
 5
 Scarver's suggestion that the prosecution and the sentencing court erred by advising him regarding the possibility of a Rule 35 motion is meritless. Rule 35 applies when a defendant renders substantial assistance to the government after sentencing, while Sec. 5K1.1 applies to such assistance if it is rendered before sentencing. United States v. Bureau, 52 F.3d 584, 594 (6th Cir.1995). There is no indication that these rules were merged or misapplied in the present case. Instead, the sentencing transcript indicates that Scarver's pre-sentencing cooperation was fully considered under USSG Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e). The information provided regarding Rule 35 merely indicated that a further reduction was possible if Scarver provided additional information in the future. It was not plain error to discuss Rule 35 in this context. See United States v. Bagnoli, 7 F.3d 90, 92 (6th Cir.1993), cert. denied, 115 S.Ct. 95 (1994).
 
 
 6
 Scarver also argues that a further reduction was appropriate under Sec. 5K1.1, because he was assaulted by other inmates while he was in custody. Scarver's attorney advised the court of this fact at sentencing, but counsel did not argue for an additional sentencing reduction at that time. Instead, Scarver and his attorney both indicated that they wished to proceed without making any argument against the government's recommended sentence. The court then accepted the government's recommendation and sentenced Scarver to 84 months of imprisonment. Scarver does not argue that his sentence was legally incorrect, and the court clearly understood its discretion to depart downward under Sec. 5K1.1, despite the advice that it gave Scarver regarding Rule 35.
 
 
 7
 Under these circumstances it cannot be said that the district court committed plain error by not reducing Scarver's sentence further. "This court has no jurisdiction to hear an appeal of a district court's discretionary refusal to depart downward pursuant to U.S.S.G. Sec. 5K1.1." United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993). This principle also controls Scarver's challenge to the magnitude of the downward departure that he received. See United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991).
 
 
 8
 Accordingly, the district court's judgment is affirmed.