95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David D. METLER, Defendant-Appellant.
 No. 95-6520.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee, No. 93-00026; James H. Jarvis, Chief Judge.
 E.D.Tenn.
 APPEAL DISMISSED.
 Before: CONTIE, BATCHELDER and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case we are asked to determine whether the district judge's refusal to further depart downward from the sentencing guidelines was an exercise of discretion or a legal determination that there was no authority for further departure in response to defendant David Metler's claim of the mitigating circumstance of extraordinary family responsibility. Because the record demonstrates that the district court clearly understood that it had discretion to depart further, we DISMISS this appeal for want of jurisdiction.
 
 I. STATEMENT OF THE FACTS AND THE CASE
 
 2
 Beginning on approximately January 1, 1990, David Metler conspired with others to possess with intent to distribute and to distribute cocaine hydrochloride. The cocaine was obtained from others in Florida and transported to Tennessee for distribution.
 
 
 3
 In April, 1990, Metler and others delivered approximately $22,000 to be used in acquiring one kilo of cocaine at the Hyatt Regency in Knoxville. From this time until June 1991, Metler and others personally transported money derived from the unlawful distribution of cocaine from Tennessee to Florida to obtain additional cocaine. During this time, Metler also personally transported cocaine for redistribution.
 
 
 4
 On June 11, 1991, Metler participated in a controlled buy in Florida. Metler bought cocaine with money derived from distribution of cocaine in Tennessee. Shortly after this controlled buy, Metler was arrested. Metler subsequently pleaded guilty in a Florida state court to possessing cocaine with the intent to traffick. After his Florida arrest, Metler fully cooperated with authorities, ultimately testifying in Florida state court against his coconspirators.
 
 
 5
 Metler was later indicted in Tennessee for violations constituting part of the same conspiracy for which he was charged in Florida. Metler pleaded guilty in Tennessee and was returned to Florida where he served the remainder of his Florida state sentence. At the conclusion of this sentence, he was released from custody and allowed to return to his home in Tennessee.
 
 
 6
 At the sentencing phase of the Tennessee case, the Government moved for downward departure, recommending a 52 month sentence, because of Metler's cooperation in the Florida case. Metler moved for a further downward departure based on extraordinary family responsibility. Metler contended that his thirteen-year-old daughter would suffer severe emotional and mental consequences should Metler be sentenced to further imprisonment.
 
 
 7
 The district court heard evidence on this matter, including a psychiatrist's report, and declined to further downward depart. The sentencing judge commented, "I have been advised about your 13 year-old daughter and the [e]ffect this might have on her, will have on her--there's no question it will have on her. We are very sorry about that. There is nothing we can do about it. We are, however, going to depart downward in your sentence."
 
 
 8
 Additionally, the district judge stated at the sentencing hearing:
 
 
 9
 I am going to downward depart in your case, as I told you before. There is no way that this Court is going to put you on probation or put you on some kind of a home bound detention or something when you have been responsible for bringing large quantities of cocaine into this area. That doesn't send a very good message to those that might be tempted to do what you did. I can't do that no matter what your situation is. You are going to have to go to jail. That is just the way it is.
 
 
 10
 The sentencing judge departed downward from the 10 year minimum and imposed a sentence of 52 months. Though sentenced at the beginning of November, Metler was not required to report until after the Christmas holidays so that he could be with his children. He was also given credit for the 18 months served in Florida. Following the imposition of his sentence, Metler filed this timely appeal.
 
 II. ANALYSIS
 
 11
 This Circuit outlined the standard of review for a case such as Metler's in United States v. Ebolum, 72 F.2d 35, 37 (6th Cir.1995):
 
 
 12
 A district court's discretionary decision not to depart downward from the Guidelines range ordinarily is not appealable. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995); United States v. Dellinger, 986 F.2d 1042, 1043-44 (6th Cir.1993). An appeal may be taken, however, when the district court believed that it lacked any authority to depart downward as a matter of law. United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994); Dellinger, 986 F.2d at 1044. The district court's determination that it lacked authority to depart downward is a matter of Guidelines interpretation that we review de novo. United States v. Thomas, 49 F.3d 253, 260 (6th Cir.1995); Landers, 39 F.3d at 649; United States v. Rasco, 963 F.2d 132, 134 (6th Cir.), cert. denied, 506 U.S. 883 (1992).
 
 
 13
 To determine whether the district judge's refusal to depart downward was an exercise of discretion or a legal determination that there was no authority to depart, the court of appeals reviews the sentencing hearing transcript. See Dellinger, 986 F.2d at 1044.
 
 
 14
 A complete reading of the sentencing hearing transcript readily shows that the district court understood that as a matter of law it could further depart, but exercised its discretion in refusing to do so. The court recognized the hardship to Metler and his family, particularly his daughter. The sentencing judge accepted the Government's recommendation to downward depart, noting that it was giving Metler "a whale of a break." However, due to the serious nature of Metler's offense, and the fact that he admitted to bringing large quantities of drugs into the area over an extended period of time, the district court exercised its discretion and declined to make any further downward departure.
 
 
 15
 This court's summary in United States v. Isom, 992 F.2d 91, 94 (6th Cir.1993), is applicable here with only minor alteration: "We do not ... believe that the district court manifested its misunderstanding by using the [phrases 'There is nothing we can do about it' and 'I can't do that no matter what your situation is']. From the record of the sentencing hearing, we conclude that the district court merely meant that the facts of the case precluded the departure. The district court stated that a departure was not merited in [Metler's] case after the government [and Metler] had reminded the court of its discretion relevant to the departure. The court clearly was aware of the legal authority for a departure; nevertheless, it found that logic precluded a departure. The record amply supports that conclusion."
 
 
 16
 The sentencing judge clearly recognized his authority to further downward depart as a matter of law, however, in the exercise of his discretion, he concluded that further departure was precluded based upon the facts of Metler's case. We have no jurisdiction to review a district judge's discretionary refusal to depart downward. See United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993); United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991).
 
 III. CONCLUSION
 
 17
 Accordingly, the case is DISMISSED for lack of jurisdiction.