967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward BLUE HORSE, Jr., Defendant-Appellant.
 No. 91-30270.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided June 12, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Edward Blue Horse, Jr., appeals the district court's two level enhancement of his sentence for reckless endangerment during flight under Sentencing Guideline § 3C1.2.[1]
 
 
 3
 Blue Horse pleaded guilty to the second degree murder for killing his wife on the Belknap Indian Reservation. Blue Horse stabbed his wife to death in the early morning hours in January. Blue Horse and his wife lived with his four year old son. After the murder, Blue Horse drove his son 65 miles away to leave him with Blue Horse's sister.
 
 
 4
 On the way back to the reservation, Sheriff's Deputy Don Loendorf, who had been placed on lookout for defendant's car, spotted Blue Horse driving approximately 50-55 miles per hour. At a sentencing hearing, Loendorf testified that he turned on his "wig-wag flashing headlights" and his grill lights and followed Blue Horse for approximately a quarter of a mile. Blue Horse gave no indication of pulling over. Loendorf, who was in plain clothes, then passed him and held up his badge and "tried to motion over to the side of the road." Id. 7. Blue Horse looked directly at him. Id. 15.
 
 
 5
 Blue Horse did not stop his vehicle. Loendorf drove his car in front of Blue Horse's and slowed down. Blue Horse attempted to pass him on the left, and Loendorf eased his car over to block him. Blue Horse then tried to pass on the right hand side. He went off the edge of the road and hit the right rear side of Loendorf's car. Loendorf testified that he thought Blue Horse was trying to force him into the ditch or keep himself from going in the ditch. The roads were clear, but there were six to seven inches of snow in the ditch. Id. 11. Loendorf eventually forced him into the ditch. Blue Horse drove in the ditch for 300-400 feet at approximately 40-45 miles per hour, id. 12., and then attempted to go back on the highway through an approach road. Loendorf, fearing Blue Horse would have then broadsided his car, drove his car directly into Blue Horse's left fender. Loendorf finally succeeded in stopping him and making the arrest at the edge of the town of Chinook, next to a nursing home. Id. 16.
 
 
 6
 Loendorf testified that he feared there was some chance of injury when Blue Horse first struck his car, id. 12, and that when Blue Horse's car came out of the ditch toward his car, he "figured someone was going to get hurt." Id. 12-13. Loendorf also testified there was a danger of injury from the chase because a car could roll off the embankment easily. Loendorf was not injured. Id. 13.
 
 
 7
 Blue Horse testified that he did not know that Loendorf was a law enforcement officer because he did not hear any siren or see any lights. Id. 20. He said he could not see any badge because he was not wearing his prescription glassses. Id. 21. He said that, when he took the approach out of the ditch to the highway, he was not attempting to hit any car, but was trying to stop.
 
 
 8
 Blue Horse made several arguments below against the enhancement. First, he argued that he was not aware that Loendorf was a police officer. Second, he argued that his failure to pull over was not reckless. Third, he argued that there was insufficient evidence of a substantial risk of death or serious bodily injury. Finally, he argued that Loendorf's attempt to arrest him did not occur in the course of fleeing a law enforcement officer because he was attempting to return to the reservation to turn himself in.
 
 
 9
 The district court rejected Blue Horse's arguments and imposed the enhancement. The court found that Blue Horse acted recklessly. The district court also rejected Blue Horse's contention that he was not aware that the other car was a police car and found that Blue Horse was aware the driver was a police officer. Id.
 
 
 10
 The district court did not clearly err in finding that Blue Horse's conduct constituted reckless endangerment during flight.[2] The district court was not required to credit Blue Horse's testimony. For the first time on appeal, Blue Horse argues that an enhancement for reckless endangerment is error because of the brevity of the flight alleged. Even assuming that Blue Horse is correct in his estimation of the times involved, we cannot conclude that this renders the district court's finding clearly erroneous.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 § 3C1.2 provides, "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."
 
 
 [2]
 Blue Horse argues that we should review de novo the district court's construction of § 3C1.2. Guideline § 3C1.1 provides, "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels." United States Sentencing Commission, Guidelines Manual (1991) § 3C1.1, at 243. Effective November 1, 1990, Amendment 347 created an additional guideline, § 3C1.2, to address reckless endangerment during flight. United States Sentencing Commission, Guidelines Manual Appendix C 166 (1991). In adopting § 3C1.2, the Commission stated, "This amendment clarifies the operation of § 3C1.1 and inserts an additional guideline to address reckless endangerment during flight. The Commission believes that reckless endangerment during flight is sufficiently different from other forms of obstructive conduct to warrant a separate enhancement." Id. Because the Commission only adopted § 3C1.2 to clarify § 3C1.1, and because, as Blue Horse notes, we have previously construed § 3C1.1, we have no need on the facts of this case to construe § 3C1.2 further