34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Saunders MILLS, Defendant-Appellant.
 No. 93-6418.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ronnie Saunders Mills appeals the sentence imposed upon resentencing after a guilty plea to aggravated burglary of a pharmacy, in violation of Title 18 U.S.C. Secs. 2118(b), 2118(c)(1) and (2). Defendant contends that the District Court erred by declining to depart downward from the sentencing guidelines pursuant to United States Sentencing Guideline ("U.S.S.G.") Sec. 5K1.1 where it had departed downward in its initial sentence. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Defendant and Velinda Sue Naftzger were arrested on September 3, 1991 in Knoxville, Tennessee for burglarizing the L.V. Lee Drug Company, stealing large quantities of controlled substances and merchandise, and transporting the items across the state line into Virginia. In Virginia, defendant and Naftzger crashed their automobile into a police cruiser while fleeing police. A police chief was seriously injured in the crash. Defendant pled guilty to aggravated burglary of a pharmacy in violation of Title 18 U.S.C. Secs. 2118(b), 2118(c)(1) and (2) and assisted the United States in prosecuting Naftzger.
 
 
 3
 At the initial sentencing hearing, Sentencing Guideline Sec. 2A2.2 (aggravated assault) was used to establish defendant's offense level. The applicable sentencing range was 140 to 175 months. Pursuant to a Sec. 5K1.1 motion from the United States, the District Court departed downward from the sentencing guidelines because of the substantial assistance defendant had provided the prosecution. The court sentenced defendant to 120 months imprisonment. Defendant successfully appealed this sentence. A panel of this Court remanded the case for resentencing with instructions to use Sentencing Guideline Sec. 2B2.2 (burglary) instead of Sentencing Guideline Sec. 2A2.2 (aggravated assault) to calculate defendant's base offense level. See United States v. Mills, 1 F.3d 414 (6th Cir.1993).
 
 
 4
 Defendant was resentenced on October 22, 1993. Sentencing Guideline Sec. 2B2.2 was used to determine the offense level. After defendant was given a three-level reduction pursuant to Sec. 3E1.1 upon a finding of acceptance of responsibility, defendant's sentencing range was calculated as 46 to 57 months. The District Court imposed a 55-month term of incarceration. Although aware of the government's previous 5K1.1 motion, the District Court declined to depart downward for substantial assistance.
 
 II.
 
 5
 Defendant argues that the District Court erred in two ways by refusing to depart downward from the sentencing guideline range. First, defendant contends that the District Court improperly denied the Sec. 5K1.1 motion in order to harmonize defendant's sentence with Naftzger's sentence. Second, defendant argues that the District Court's refusal to depart downward for substantial assistance violated the remand order from defendant's previous appeal. Defendant does not dispute the calculation of his sentencing range, nor the fact that he was sentenced within that range.
 
 
 6
 This Court may review federal guideline sentences only in very limited circumstances. See United States v. Dellinger, 986 F.2d 1042, 1043-44 (6th Cir.1993). A sentence may be appealed only if (1) it was imposed in violation of law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) it is outside of the applicable guideline range and is unreasonable; or (4) it was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. 18 U.S.C. Sec. 3742(e).
 
 
 7
 The denial of a Sec. 5K1.1 motion does not fall into any of the above categories, and is, therefore, unreviewable. "This court has no jurisdiction to hear an appeal of a district court's discretionary refusal to depart downward pursuant to U.S.S.G. Sec. 5K1.1." Dellinger, 986 F.2d at 1044; see also United States v. Vincent, 20 F.3d 229, 239 (6th Cir.1994) ("A district court's refusal to depart downwardly is not reviewable on appeal when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range."). In this case, it is uncontested that the District Court correctly calculated defendant's sentencing range, imposed a sentence within that range, and was aware that it had the discretion to depart from the Guidelines range.
 
 
 8
 Nevertheless, defendant claims that his sentence is reviewable because the District Court allegedly declined to depart downward for the purpose of harmonizing defendant's and Naftzger's sentences. Defendant would be correct if the District Court had departed from the applicable guidelines in order to harmonize sentences. Harmonizing the sentences of co-defendants is generally an improper reason to depart from the appropriate guideline range. See United States v. LaSalle, 948 F.2d 215, 218 (6th Cir.1991) (holding it unreasonable to depart from Guidelines solely to harmonize sentences); United States v. Parker, 912 F.2d 156, 158 (6th Cir.1990). But see United States v. Nelson, 918 F.2d 1268, 1275 (6th Cir.1990) (holding that it is not improper as a matter of law to depart in order to harmonize sentences if there are no substantial differences among defendants). Alleging that a district court considered a co-defendant's sentence, however, does not make the denial of a Sec. 5K1.1 motion reviewable.
 
 
 9
 Defendant also claims that the District Court's denial of the Sec. 5K1.1 motion violated this Court's remand order in his previous appeal. See Mills, 1 F.3d 414 (6th Cir.1993). This is simply not the case. In defendant's first appeal, this Court did not rule on the merits of his substantial assistance claim, but merely noted that he had already received a significant downward departure in his sentence for substantial assistance. See id. at 423. The remand order in no way limited the District Court's discretion to consider the appropriate factors, including the Sec. 5K1.1 motion, at the new sentencing hearing. Indeed, as discussed above, a district court's decision to grant or deny a Sec. 5K1.1 motion is entirely discretionary. This discretion is not limited because a district court granted a Sec. 5K1.1 motion at a previous sentencing hearing. It was within the District Court's discretion, therefore, to reconsider the Sec. 5K1.1 motion upon remand and this Court has no jurisdiction to review the District Court's denial of the Sec. 5K1.1 motion.
 
 
 10
 In addition to the above claims of error, defendant also asserts that the District Court erred by failing to announce the reasons it imposed defendant's sentence. Defendant, citing 18 U.S.C. Sec. 3553(c)(1), claims that the District Court had to announce the reasons it chose a particular point in the sentencing range. Section 3553(c)(1) imposes such a requirement, however, only if the applicable sentencing range exceeds 24 months. Defendant's range was 46 to 57 months. Section 3553(c), therefore, is inapposite. See United States v. Duque, 883 F.2d 43, 44 (6th Cir.1989) ("[I]f the judge sentences within the appropriate guideline, and the range of the guideline does not exceed 24 months, the trial judge is not required to state the reasons for selecting a sentence within the guideline range.").
 
 III.
 
 11
 For the foregoing reasons, defendant's conviction is AFFIRMED.