Sharon Gervasoni, Gen. Counsel, U.S. Parole Com'n, Chevy Chase, MD, for respondent.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

■ Court-appointed counsel for Alfredo Hernandez–Ramos (Hernandez) has filed a brief of the sort contemplated by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that there are no nonfrivolous issues to assert on appeal, and moving the Court for permission to withdraw as Hernandez's counsel. Although *Anders* was a direct appeal from a criminal conviction, this Court has utilized the *Anders* format in a habeas corpus case. *See, Dinkins v. Alabama*, 526 F.2d 1268, 1269 (5th Cir.), *cert. denied*, 429 U.S. 842, 97 S.Ct. 119, 50 L.Ed.2d 112 (1972). We likewise find that it is appropriate to apply the principles enunciated in *Anders* to determine whether counsel should be allowed to withdraw in a petition for review of Transfer Treaty Determination of the United States Parole Commission.

■ Under *Anders*, a court-appointed attorney may withdraw if he makes a conscientious examination of the case and finds the appeal wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. To comply with *Anders*, counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir.1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to determine whether the case is frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

Counsel here has fully complied with the *Anders* requirements. Hernandez, although given the opportunity, did not file a response. We have independently reviewed the brief and record and found no nonfrivolous issue. Accordingly, it is ordered that counsel is excused from further responsibilities herein, and the Petition for Review of Transfer Treaty Determination is DISMISSED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darren Alexander HAYES (93–6617); Kevin Allen Osborne (93–6618), Defendants–Appellants.**

Nos. 93–6617, 93–6618.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 6, 1994.

Decided March 8, 1995.

Timothy R. DiScenza, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Memphis, TN, for U.S.

Timothy R. Holton (briefed), Crow & Holton, Memphis, TN, Darren Alexander Hayes, Federal Correctional Institution, Phoenix, AZ, for Darren Alexander Hayes.

Robert C. Brooks (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for Kevin Allen Osborne.

Before: JONES, SILER, and GODBOLD,[*] Circuit Judges.

GODBOLD, Circuit Judge.

Darren Hayes was convicted of conspiracy to possess cocaine base in violation of 21 U.S.C. § 846 and aiding and abetting in possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841. He was sentenced to 168 months in prison and five years of supervised release. Hayes is challenging his conviction asserting insufficiency of the evidence and that the confessions of his co-conspirators were improperly admitted against him at trial in violation of the Sixth Amendment. We affirm his conviction.

Kevin Osborne was indicted for conspiracy to possess cocaine base in violation of 21 U.S.C. § 846 and aiding and abetting in possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841. Osborne pled guilty to the possession charge. At his sentencing hearing on November 19, 1993, the district court imposed a two-point enhancement for reckless endangerment, United States Sentencing Guidelines § 3C1.2,[1] and a three-point deduction for acceptance of responsibility, U.S.S.G. § 3E1.1,[2] and granted the government's motion to sentence Osborne below the applicable guideline range pursuant to U.S.S.G. § 5K1.1.[3] Osborne was sentenced to imprisonment for 113 months to be followed by five years of supervised release. He appeals from his sentence, contending that the court erroneously applied the two-point reckless endangerment enhancement. We reverse his sentence and remand for findings of fact and resentencing.

## BACKGROUND

While randomly checking packages at a Federal Express facility in Memphis, Tennessee, a narcotics detection dog alerted to the presence of narcotics in a package shipped from a fictitious California address to Mark Patterson in Memphis, Tennessee. After obtaining a search warrant, authorities opened the package and discovered a toy rabbit stuffed with cocaine base. They decided to make a controlled delivery of the package to Patterson. An undercover officer posing as a Federal Express courier delivered the package at the address on the package to a man who identified himself as Mark Patterson. The individual was later identified as co-defendant Marcus Webb. Immediately after the Federal Express truck left, a car occupied by three males pulled up to the residence. The driver, Osborne, entered the residence briefly then returned to his car and left.

Detectives called for a takedown of the automobile. An unmarked police van pulled in front of Osborne's vehicle, attempting to block his exit. Osborne swerved around the van, striking the leg of one of the detectives who had jumped out of the van. As the occupants of the car fled one of them threw a package containing cocaine base into the street. Osborne and the other two were arrested.

Osborne cooperated with authorities regarding co-defendants Webb, who received the package in Memphis, and Hayes, who

---

[*] The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. U.S.S.G. § 3C1.2 (1992) reads:

   **Reckless Endangerment During Flight**
   If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

2. U.S.S.G. § 3E1.1 (1992) reads in part:

   **Acceptance of Responsibility**
   (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
   (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct ... decrease the offense level by 1 additional level.

3. U.S.S.G. § 5K1.1 (1992) reads in part:

   **Substantial Assistance to Authorities (Policy Statement)**
   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
   Application Note 2 provides that a "reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility."

was identified as the Los Angeles resident who caused the mailing of the Federal Express package to Memphis.

## DISCUSSION

### I. Hayes' Claims

■■ Hayes contends that there was insufficient evidence presented upon which a jury could find him guilty.[4] His motion for judgment of acquittal was denied. A claim of insufficient evidence to support a prosecution is reviewed in the light most favorable to the prosecution to see if there was sufficient evidence for a reasonable jury to find that the essential elements of the crime were proved beyond a reasonable doubt. *U.S. v. Frost*, 914 F.2d 756, 762 (6th Cir.1990). Under federal law the uncorroborated testimony of an accomplice may be enough to support a conviction, *id.*, thus by implication, the corroborated testimony of an accomplice or co-defendant will also suffice.

Osborne testified against Hayes during Hayes' trial and was cross-examined by Hayes' attorney. R. 75 at 30–45. He testified that: Hayes' previously had sold him an ounce of crack cocaine, Hayes asked him to arrange a receiver of a package of contraband he would send via Federal Express, he picked Hayes up from the bus station after Hayes arrived in Memphis, and Hayes instructed him to deliver the package to him (Hayes) after it arrived. Additionally, the resident of the house where Hayes stayed while in Memphis testified that Hayes planned to receive drugs while he was in Memphis. *Id.* at 48. She also testified that a man named Kevin called to inform Hayes that a package had come in. *Id.* Sufficient evidence was presented upon which a jury could conclude that the government proved beyond a reasonable doubt that Hayes had committed conspiracy to possess cocaine base and aided and abetted in possession of cocaine base with intent to distribute.

### II. Osborne's Claims

#### A. Jurisdiction

■■ Before reviewing Osborne's claim of error in the application of the sentence enhancement we must first consider whether this court has jurisdiction to review the issue. This court's jurisdiction when reviewing a sentence imposed under the U.S.S.G. is defined in 18 U.S.C. § 3742 (1985 & Supp.1994). Section 3742(a) delineates the circumstances under which a defendant may appeal his sentence.

**(a) Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Osborne contends that the district court's application of § 3C1.2 was imposed in violation of law or as the result of an incorrect application. In response, the government contends that this court does not have jurisdiction "even if the Trial Court improperly made findings as to the 'reckless endangerment'." Gov't Brief–5.

Osborne's offense level with the § 3C1.2 enhancement and the § 3E1.1 deduction was 33; with a criminal history of II, the sentencing range was 151–188 months. His offense level prior to the enhancement (but with the

<hr>

4. Hayes contends, in a pro se brief, that he was denied the opportunity to confront his co-defendants as witnesses. However, he did cross-examine Osborne when he testified at Hayes' trial.

Webb did not testify at the trial. There has been no infringement upon his Sixth Amendment right to confrontation.

deduction) was 31. With a criminal history of II, the sentencing range would have been 121–151 months.[5] However, in accordance with § 5K1.1, the sentence actually imposed on Osborne was 113 months. R. 74 at 47–49. Since the actual sentence imposed was below the guideline ranges suggested by both the government and Osborne, the government argues that defendant may not appeal his sentence. *See, e.g., U.S. v. Wright,* 895 F.2d 718, 720 n. 3 (11th Cir.1990) ("Where the district court imposes a sentence that falls *below* the range recommended by the guidelines, the *government,* not the defendant, is authorized to appeal ....") (emphasis in original). *See also* 18 U.S.C. § 3742(b)(3).

■ A defendant may appeal his sentence even when the sentence imposed fell within the range advocated by him so long as he can identify a specific legal error. *U.S. v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994). "Absent a defendant's identification of a specific legal error in the formulation of a sentence, ... this court has no jurisdiction to review sentences **within** the guideline range." *U.S. v. Lovins,* 993 F.2d 1244, 1245–46 (6th Cir.1993) (citing *U.S. v. Fuente–Kolbenschlag,* 878 F.2d 1377, 1379 (11th Cir. 1989)) (emphasis added). In each of the three above cases the sentence imposed was within the range advocated by both parties, or at least the range advocated by the defendant.

Accordingly, there are circumstances when this court has limited or no appellate jurisdiction, *e.g.,* when a sentence falls within the recommended range of the sentencing guidelines and no specific legal error is identified; when the sentence falls below the recommended range, the defendant is appealing,

and no specific legal error is identified; and generally when the issue is a matter of the district judge's discretion in sentencing within the range. There also are circumstances when this court does review the sentence, *e.g.,* when the appellant alleges a specific legal error, and generally when the issue concerns the application of the U.S.S.G. by the sentencing judge. In the instant case, because of the § 5K1.1 reduction, the sentence imposed was below the ranges advocated by both the government and Osborne in accordance with the ranges recommended by the sentencing guidelines. However, Osborne urges a specific legal error in the application of the § 3C1.2 enhancement. We thus must consider whether this court should review a sentence that is below the range recommended by the guidelines when the appellant identifies an alleged specific legal error.

We follow the lead of *U.S. v. Mills,* 1 F.3d 414 (6th Cir.1993), in which a similar scenario occurred.[6] Mills was sentenced for aggravated assault (§ 2A2.2) and received a reduction in his sentence in accordance with § 5K1.1. (The applicable sentencing range was 140–175 months, and he received a sentence of 120 months imprisonment.) On appeal this court held that the district court erred in using § 2A2.2 and reversed, instructing the district court to use § 2B2.2 (burglary) on remand. *Id.* at 421–22.[7] This court treated the sentence as reviewable and decided the case on the merits. We therefore will do the same.

### B. Section 3C1.2 Enhancement

■ The district court's application of the sentencing guidelines to the facts of the

---

5. Neither the § 3E1.1 deduction nor Osborne's criminal history level is an issue.

6. In *Mills,* the defendant was allowed to appeal his sentence, although it was below the guideline range, because he alleged an error in the application of the guidelines, i.e., using the wrong offense section in the computation of his offense level. Likewise, Osborne appeals his sentence, although it is below the guideline range, because he alleges an error in the application of the guidelines, i.e., improper application of an enhancement in the computation of his offense level.

7. Some of these facts are revealed only in this court's opinion in a second appeal following the remand. *See U.S. v. Mills,* 34 F.3d 1068 (6th Cir.1994) (table) (text at 1994 WL 419573). On remand the district court applied the burglary section but refused to depart from the guideline range pursuant to the § 5K1.1 motion (as it had prior to the appeal). The sentencing range was calculated as 46–57 months, and Mills received a sentence of 55 months. He again appealed. This court held that it could not review the district court's discretionary refusal to depart downward in accordance with the § 5K1.1 motion. *Id.,* 34 F.3d 1068, 1994 WL 419573, at *1–2.

case is reviewed *de novo*. *Mills*, 1 F.3d at 421. Osborne contends that the sentencing court erred when applying the § 3C1.2 enhancement because there was no evidence that the defendant's action of swerving his car around the van occupied by law enforcement officers endangered anyone until the officers jumped out of the van. However, it is clear that the court considered not just the action of swerving around the van but also Osborne's knowledge of the contraband he was carrying:

> The question, as I see it, is whether or not the defendant was attempting to avoid being stopped by the van at the time it pulled in front of him because he knew he had drugs or was involved in criminal activity. . . . I think the conclusion that I have to draw from those facts is that the defendant was trying to avoid being stopped by whoever was in the van. . . . I find that he was aware that his conduct was reckless and created some endangerment. . . . [D]riving a car in such a fashion . . . when the defendant driver knows that he is carrying a fairly large quantity of drugs, I think, constitutes reckless endangerment.

R. 74 at 39–40.

Osborne also argues that the enhancement is applicable only when the defendant knows he is fleeing from a law enforcement officer and cites *U.S. v. Sykes*, 4 F.3d 697 (8th Cir.1993), for that proposition. Osborne's Brief–6. In *Sykes*, the Eighth Circuit reviewed the district court's decision in light of conflicting testimony of the defendant and one of the pursuing officers. The district court concluded that the officer's testimony, in which he stated reasons why the defendant knew they were police officers, was more credible than that of the defendant, who denied knowing who the two men were that were chasing him. The circuit court reviewed for clear error and upheld the district court's enhancement. 4 F.3d at 700. In other cases where the defendant has challenged a § 3C1.2 enhancement asserting that

he did not know that it was a law enforcement official pursuing him, the district court found the defendant's claim not credible. *See* U.S. v. *Cabral–Castillo*, 35 F.3d 182, 188 (5th Cir.1994) (defendant claimed that when he drove his vehicle directly at the law enforcement officer, he was "not fleeing from the officers or attempting to avoid arrest but was merely attempting to exit the parking lot of the bar.") (footnote omitted).[8]

*Sykes* and *Cabral–Castillo*, without stating, imply that a defendant must know that the person pursuing him is a law enforcement officer in order for a § 3C1.2 enhancement to be applicable. This knowledge requirement also is implied in Application Note 3 of § 3C1.2 (emphasis added), which states: " 'During flight' is to be construed broadly and includes preparation for flight. Therefore, this adjustment also is applicable where the conduct occurs in the course of **resisting arrest**." Additionally, § 3C1.2 originated in 1990 as a derivative of § 3C1.1 (Obstructing or Impeding the Administration of Justice). *See United States Sentencing Guideline Manual*, Appendix C, amendment 347. Thus, the origins of § 3C1.2 suggest that it requires that a defendant be aware that he is fleeing from a law enforcement officer (behavior that could be viewed as an obstruction of justice) versus fleeing from a person pursuing him for different reasons.

The district court explicitly stated during Osborne's sentencing hearing that it was not deciding whether Osborne knew at the time he swerved around the van that he was fleeing from law enforcement officers.

> [T]he defendant was trying to avoid being stopped by whoever was in the van, whether it was police officers or not. And I don't think the question of whether it was police officers makes much difference.
>
> \*   \*   \*   \*   \*   \*
>
> I will say that I am not finding that the defendant knew it was a police officer. . . .

R. 74 at 39, 41. We hold that a § 3C1.2 enhancement is inapplicable if the defendant did not know it was a law enforcement officer

---

**8.** *See also* U.S. v. *Jackson*, 32 F.3d 570 (7th Cir.1994) (table) (text at 1994 WL 424264); *U.S. v. Blue Horse*, 967 F.2d 592 (9th Cir.1992) (table) (text at 1992 WL 129807). Note, however, that

Seventh Circuit Rule 53(b)(2) and Ninth Circuit Rule 36–3 provide that unpublished dispositions are not precedential except under limited circumstances not present here.

from whom he was fleeing, and accordingly, we reverse and remand for the district court to make a specific finding regarding defendant's knowledge and to resentence Osborne accordingly.

## CONCLUSION

The judgment of the district court with respect to Hayes is AFFIRMED. The sentence of Osborne is REVERSED and REMANDED for findings of fact and resentencing.