**UNITED STATES of America,**
**Plaintiff,**

v.

**William J. BUCKLEY, Defendant.**

**No. 98–40026–02–RDR.**

United States District Court,
D. Kansas.

April 21, 1999.

Michael M. Jackson, Topeka, KS, for Clarence Wayne Cheek.

John J. Ambrosio, John J. Ambrosio, Chartered, Topeka, KS, Joseph D. Johnson, Joseph D. Johnson, Chartered, Topeka, KS, Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for William Buckley.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for United States.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

On January 15, 1999, a jury found the defendant guilty of bank robbery and not guilty of an assault upon a law enforcement officer. The two charges had been brought in separate indictments and were consolidated for trial. On April 16, 1999, the court sentenced the defendant. The purpose of this memorandum and order is to address the objections that were raised to the presentence report.

The government raised no objections to the presentence report. The defendant raised two objections to the report.

The defendant objects to the enhancement of his offense level for obstruction of justice in paragraphs 26 and 27 of the presentence report. The focus of the defendant's argument is that the two-level enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer should not be applied. He contends that (1) he did not know he was being pursued by a law enforcement officer; and (2) his conduct was not reckless.

The government and probation office contend that the enhancements in paragraphs 26 and 27 are appropriate. They

contend they are supported by both the law and the facts of this case.

■ Section 3C1.2 of the Sentencing Guidelines provides that "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." U.S.S.G. § 3C1.2. For purposes of this enhancement, "reckless" refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. *See United States v. Conley,* 131 F.3d 1387, 1389 (10th Cir.1997). The standard of care envisioned by the guidelines is that of the reasonable person, not the reasonable fleeing criminal suspect. *Id.* In order to apply the enhancement, the defendant must know that he was fleeing from a law enforcement officer. *United States v. Hayes,* 49 F.3d 178, 183–84 (6th Cir.1995).

The evidence at trial showed that Deputy Marshal Mike Shute was attempting to arrest the defendant. He saw the defendant traveling in a car. At the time, Deputy Shute was in an unmarked car and he was in plain clothes. Deputy Shute began following the defendant. The defendant started traveling at a high rate of speed in residential areas. He made several turns, apparently in an attempt to elude his follower. Deputy Shute eventually lost sight of the defendant's car, but subsequently saw it in a parking lot of a credit union. Deputy Shute opened his door, produced his gun, and identified himself to the defendant. The defendant then drove his car directly at Deputy Shute at a high rate of speed. Deputy Shute continued to identify himself and direct the defendant to stop. The defendant continued to drive at the marshal. Deputy Shute fired a shot, and the defendant skidded his car to a stop approximately ten feet from the marshal. The defendant then reversed the direction of his car and attempted to escape. The defendant drove into a vacant lot next to the credit union and then became stuck. He was then arrested by Deputy Shute.

■ The court begins by considering the first issue raised by the defendant. The court finds from a preponderance of the evidence presented at trial that the defendant knew that he was being pursued by a law enforcement officer. The court did not find the defendant's testimony credible that he was unaware of who was following him. His efforts to elude the car following him lead the court to believe that he knew the other car contained a law enforcement officer. In any event, the court finds that the evidence demonstrates clearly that the defendant knew who was pursuing him when he was confronted by Deputy Shute in the credit union lot. Deputy Shute identified himself several times, and the defendant continued his effort to flee by driving directly at Deputy Shute. In sum, the court finds that the defendant knew that he was being pursued by a law enforcement officer.

■ We next turn to the issue of whether the defendant recklessly created a substantial risk of death or serious bodily injury when he attempted to flee. The court is confident that the defendant's actions involved a known risk of danger to others and constituted a gross deviation from the standard of care that a reasonable person would have exercised in the same situation. *See Conley,* 131 F.3d at 1389–90 (enhancement applied where defendants fled at high rate of speed on icy road and attempted to ram police vehicle); *see also United States v. Gonzalez,* 71 F.3d 819, 836–37 (11th Cir.1996) (§ 3C1.2 enhancement justified where defendant operated his vehicle, in reverse, at a high rate of speed on a residential street); *United States v. Woody,* 55 F.3d 1257, 1262, 1274 (7th Cir.1995) (enhancement justified where defendant evaded police at high speeds in addition to driving over a curb and causing one officer to dive out of the way). The defendant's conduct initially in operating his car at a high rate of speed in

residential areas is sufficient to apply the enhancement. However, even if that conduct was deemed insufficient to apply the enhancement, the defendant's subsequent conduct in attempting to run down Depute Shute is obviously sufficient to apply the enhancement.

The defendant has vaguely suggested that his offense level should not be increased by two levels under U.S.S.G. § 3C1.1 for providing false testimony at trial. The court is not persuaded by the arguments offered by the defendant in support of this objection.

■ The Sentencing Guidelines provide that a defendant's offense level must be increased by two "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Perjury can be the basis for such an enhancement. *Id.* § 3C1.1, comment. (n. 3(b)). A defendant commits perjury for the purposes of this Guideline if he "gives false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

■ The defendant offered considerable testimony at trial denying various aspects of his participation in the bank robbery. The court finds by a preponderance of the evidence that the testimony offered by the defendant concerning his participation in the bank robbery was false and was given with the intent to commit perjury. There is little question that it was material to this case. In sum, the court finds that a two-level enhancement under § 3C1.1 is appropriate.

**IT IS SO ORDERED.**