**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dan WHEELER, Defendant–Appellant.**

**No. 01–5552.**

United States Court of Appeals,
Sixth Circuit.

Jan. 16, 2003.

31

Before COLE and CLAY, Circuit Judges, and BERTELSMAN,* District Judge.

BERTELSMAN, District Judge.

Defendant–Appellant Dan Wheeler appeals his sentence after entering into a plea agreement. For the reasons set forth, this Court AFFIRMS the district court.

Defendant entered into a plea agreement for conspiracy to manufacture and possess with intent to distribute a mixture

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. However, no agreement was reached between the government and defendant regarding the total amount of methamphetamine attributable to defendant for the purpose of determining relevant conduct under the federal sentencing guidelines. An evidentiary hearing was held on April 11, 2001. At the close of the hearing, the district court concluded that defendant did not manufacture methamphetamine, but that he did sell it. The district court relied mainly on the testimony of defendant's coconspirators and found beyond a reasonable doubt that 1,400 grams of methamphetamine were attributable to defendant. The court also found that defendant possessed a firearm when he had sold drugs adding two levels to his offense and imposing a sentence of 151 months.

Defendant relies on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) for his appeal. However, he, failed to make an *Apprendi* objection at the district court level. Therefore, this Court reviews for plain error. *United States v. Schulte,* 264 F.3d 656, 660 (6th Cir.2001) (citing *United States v. Hall,* 71 F.3d 569, 573 (6th Cir.1995)).

In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. " 'But *Apprendi* is not triggered where the defendant receives a term of imprisonment within the statutory maximum that would have applied even without the enhancing factor (such as drug amount).' " *United States v. Bartholomew,* 310 F.3d 912, 925 (6th Cir.2002) (quoting *United States v. Burns,* 298 F.3d 523, 544 (6th Cir.2002)

(internal quotation marks omitted in *Bartholomew* )).

■ Because defendant was sentenced to less than the statutory maximum penalty under 21 U.S.C. § 841(b)(1)(C), his sentence does not trigger the protections afforded under *Apprendi.* Where *Apprendi* does not apply, it is well established that the standard to be used is a preponderance of the evidence. *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000). Nonetheless, the district court used extreme caution in this case by applying the standard of beyond a reasonable doubt in weighing the testimony at the evidentiary hearing in making a determination on drug quantity.

■ Defendant criticizes the district court for relying heavily on the testimony of his coconspirators for its findings. Defendant's argument has no merit. This Court has consistently maintained that a defendant may be convicted based on the unsupported testimony of coconspirators. *See, e.g., United States v. Hayes,* 49 F.3d 178, 181 (6th Cir.1995). Further, this Court has held in reference to sentencing issues that "[t]estimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable." *United States v. Hernandez,* 227 F.3d 686, 697–98 (6th Cir.2000) (citations omitted).

Defendant also objects to the district court's reliance of testimony of coconspirators because they had cooperated with the government and entered into plea agreements. This Court has categorically stated that "this fact is irrelevant." *United States v. Welch,* 97 F.3d 142, 149 (6th Cir.1996) (quoting *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir.1993)).

■ Based upon the testimony at the sentencing hearing, the district court

found that the defendant's relevant conduct included conspiring to sell 1,400 grams of methamphetamine. This Court will only reverse a sentencing court's determination of drug quantity if that determination is clearly erroneous. *Burns,* 298 F.3d at 545. " 'A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir.1985)). "Where the amount of drugs is uncertain, the district court is required to 'err on the side of caution and only hold the defendant responsible for that quantity of drugs for which the defendant is more likely than not actually responsible.' " *United States v. Copeland,* 304 F.3d 533, 556 (6th Cir.2002) (quoting *United States v. Meacham,* 27 F.3d 214, 216 (6th Cir.1994)). The district court heard testimony imputing approximately 1,500 grams of methamphetamine to defendant. The court found this testimony to be credible.

Further, the court applied the rule of lenity giving a conservative estimate of the drug activity of defendant and only based his sentence on 1,400 grams of methamphetamine. The " 'policy of lenity means that the Court will not interpret a federal statute so as to increase the penalty it places on an individual when such an interpretation can be no more than a guess as to what Congress intended.' " *United States v. Boucha,* 236 F.3d 768, 774–75 (6th Cir.2001) (citation omitted). Courts may apply the rule of lenity to interpret the sentencing guidelines. *Id.* at 775 (citing *United States v. Blake,* 59 F.3d 138, 140 (10th Cir.1995)). Although defendant argues that the district court should not have relied on the testimony of his coconspirators, the district court was not in error for doing so. Failing such, the defendant has failed to show this Court that the district court's decision was erroneous.

Finally, in an abbreviated fashion, defendant challenges the constitutionality of 21 U.S.C. §§ 841(b)(1)(A), (B) under *Apprendi.* Defendant argues that these provisions are unconstitutional because they permit the trial judge to find facts, in particular, drug quantity which have the potential to increase the maximum penalty to which the defendant is exposed by a preponderance of the evidence standard. This Court has rejected such challenges. *See United States v. Martinez,* 253 F.3d 251, 256 n. 6 (6th Cir.2001) (rejecting challenge to constitutionality of § 841 as based on an overboard reading of *Apprendi*'s mandate). Hence, defendant's constitutional challenge to § 841 is without merit.

For the reasons stated, the decision made by the district court is AFFIRMED.