[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

_____

No. 10-13337

_____

D.C. Docket No. 6:09-cr-00262-GAP-KRS-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

PAUL MARTIKAINEN,
a.k.a. Kristian Turunen,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 10, 2011)

Before DUBINA, Chief Judge, HILL, Circuit Judge, and GOLDBERG,* Judge.

PER CURIAM:

---

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

## I.

Paul Martikainen appeals his 30-month sentence for removing a child from the United States with intent to obstruct the lawful exercise of parental rights in violation of 18 U.S.C. § 1204(a). Martikainen argues that the district court erred by applying the two-level enhancement under U.S.S.G. § 3C1.2 for recklessly endangering another in the course of fleeing from a law enforcement officer. Martikainen argues that the record lacks any evidence of that he fled from a particular law enforcement officer and, therefore, the plain language of § 3C1.2 precludes its application in this instance. We agree and accordingly vacate and remand the case for re-sentencing.

## II.

Martikainen and his wife divorced in 2005 prior to the birth of their son, and, as part of the divorce settlement, Martikainen gave up his parental rights to his unborn son. In 2008, when the child was three years old, Martikainen sought visitation rights. The court granted the request, but due to the tumultuous relationship between Martikainen and his ex-wife, the court ordered that Martikainen and his ex-wife have no contact. Therefore, the court ordered that the custodial exchanges take place at the local police department.

Several months later, Martikainen's ex-wife accused Martikainen of physically and verbally abusing their son. In response to the allegations, the court ordered that Martikainen's visits with the child be supervised by a friend of Martikainen. A few days after the court ordered supervised visits, Martikainen purchased a 32-foot sailboat, which he painted gray. Martikainen did not have a boat captain's license and was not an experienced sailor.

During the November 28, 2009 supervised visit, Martikainen absconded with his son while the supervisor was in the restroom. Martikainen drove his son to St Petersburg, Florida, where they boarded Martikainen's sailboat and sailed into the Gulf of Mexico. Hours later, law enforcement officers received a tip on Martikainen's whereabouts and, on December 1, 2009, the United States Coast Guard located the sailboat in international waters heading in the direction of the Yucatan Peninsula. The Coast Guard agents decided not to board the vessel at night and opted to monitor the sailboat from a distance of eight nautical miles. The following morning, the agents boarded the sailboat. Martikainen fully cooperated with the agents and the child was returned to his mother that evening.

Martikainen was charged with international parental kidnaping in violation of 18 U.S.C. § 1204(a), to which he pleaded guilty. At sentencing the government sought an enhancement under U.S.S.G. § 3C1.2 for "recklessly

creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." In support of the enhancement the Pre-sentence Investigation Report (PSI) noted that by painting the boat gray, Martikainen made it extremely difficult to see and increased the chance of collision. It also noted that Martikainen did not have a boat captain's license, had limited boating experience, and that the child was not wearing a life preserver when the Coast Guard agents boarded Martikainen's sailboat. Martikainen objected on the basis that he had not been fleeing law enforcement and had not perpetrated any chase. The court overruled Martikainen's objection, applied the enhancement, and sentenced Martikainen to a mid-range sentence of 30 months in prison. This appeal followed.

## III.

We review for clear error the district court's findings of fact and review *de novo* the district court's application of the Guidelines to the facts. *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). In the present case, neither party disputes the factual allegations in the PSI. Accordingly, we review *de novo* the district court's decision to enhance Martikainen's sentence under § 3C1.2 based on the undisputed facts in the PSI.

## IV.

Section 3C1.2 of the Guidelines imposes a two-level enhancement to the offense level of a defendant who "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. On appeal, Martikainen concedes that he "recklessly created a substantial risk of death or serious bodily injury to his son by taking him aboard the sailboat." However, Martikainen challenges the district court's conclusion that he endangered his son "in the course of fleeing from a law enforcement officer."

The Guidelines instruct that "'[d]uring flight' is to be construed broadly and includes preparation for flight." U.S.S.G. § 3C1.2 cmt. n.3. Nevertheless, "flight alone is insufficient to warrant an enhancement under [§ 3C1.2]." *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004). This court has held that the enhancement does not apply "unless the defendant is actually fleeing from a law enforcement officer." *United States v. Sawyer*, 115 F.3d 857, 859 (11th Cir. 1997). In *Sawyer*, the defendant robbed a bank at gunpoint and fled the scene on foot. *Id.* at 858. Several bank customers pursued the defendant, who turned and fired at the pursuing customers but failed to hit anyone. *Id.* At sentencing, the government presented no testimony of a police officer in the area during the defendant's flight, and no police officer was in sight when the defendant fired at his pursuers. *Id.* at

859. Reasoning that the bank customers following the defendant were authorized to make a citizen's arrest, the district court enhanced the defendant's sentence under § 3C1.2 for endangering the lives of his pursuers. *Id.*

Relying on the "plain language" of § 3C1.2, we reversed and noted that "an individual's ability to make a citizen's arrest does not render that person a 'law enforcement officer.'" *Id.* Because the defendant's pursuers were private citizens and not law enforcement officers, we concluded that the district court erred by applying § 3C1.2. *See id.* at 859-60. We cited with approval the Sixth Circuit's holding that "the origins of § 3C1.2 suggest that it requires that a defendant be aware that he is fleeing from a law enforcement officer (behavior that could be viewed as an obstruction of justice) versus fleeing from a person pursuing him for different reasons." *Id.* at 859 (quoting *United States v. Hayes*, 49 F.3d 178, 183 (6th Cir. 1995)). In *Sawyer*, however, we expressly reserved the question presented in *Hayes*—whether § 3C1.2 applies "when a law enforcement officer is following the offender, but the evidence is ambiguous on whether the defendant knew an officer was in pursuit." *Id.* at 859 n.1. *Sawyer* resolves a "much simpler [issue]—whether § 3C1.2 applies when there is no officer around." *Id.*

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we adopt the Sixth Circuit's position as expressed in

6

*Hayes*, 49 F.3d at 183, and conclude that the district court erred by enhancing Martikainen's sentence under § 3C1.2. Section 3C1.2 is applicable only where the defendant knows he is fleeing from a law enforcement officer who is in pursuit of the defendant. Although the record supports the district court's finding that Martikainen endangered his son during his sailing expedition, we conclude that Martikainen did not do so while knowingly fleeing a law enforcement officer. Martikainen was not fleeing any particular law enforcement officer and was unaware of the pursuit by the Coast Guard agents until the pursuit was over. In fact, Martikainen immediately cooperated with the first law enforcement officers he encountered.

Absent the § 3C1.2 enhancement, Martikainen's offense level would have been 15 and his guideline range would have been 21 to 27 months' imprisonment. The district court's error is not harmless because the district court expressly stated that it was sentencing Martikainen in the middle of the guideline range, and Martikainen's 30-month sentence exceeds the guideline range applicable without the § 3C1.2 enhancement. Accordingly, we vacate Martikainen's sentence and remand this case for re-sentencing consistent with this opinion.

**VACATED AND REMANDED.**