[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15201
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00287-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBYN GENE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 11, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Rubyn Gene Smith appeals his concurrent 115-month sentences imposed for robbery of a mail custodian, in violation of 18 U.S.C. § 2114(a), and illegal possession of mail matter pursuant to § 2114(b).  On appeal, Smith argues that, in calculating the advisory guidelines range, the district court misapplied the dangerous-weapon increase to his offense level, pursuant to U.S.S.G § 2B3.1(b)(2)(E).  After review, we affirm.[1]

Under § 2B3.1, a robbery defendant's offense level is increased by three levels if he brandished or possessed a dangerous weapon in the course of the robbery.  U.S.S.G. § 2B3.1(b)(2)(E).  The defendant need not have actually possessed the dangerous weapon, however, in order to receive the increase, so long as the defendant used an "object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury."  Id. § 2B3.1 cmt. n.2(B).

"[T]he critical factor for the application of § 2B3.1(b)(2)(E) is whether the defendant intended the appearance of a dangerous weapon."  United States v. Bates, 213 F.3d 1336, 1338 (11th Cir. 2000) (upholding application where the defendant reached into his waistband, implying the presence of a weapon, and the victim perceived the defendant to possess a gun).  Therefore § 2B3.1(b)(2)(E)'s

---

[1]We review the district court's findings of fact for clear error and its application of the guidelines to the facts de novo.  United States v. Martikainen, 640 F.3d 1191, 1193 (11th Cir. 2011).

three-level increase is proper when a defendant uses "a concealed body part," such as a finger, "to cause the victim to believe that it is a dangerous weapon." United States v. Vincent, 121 F.3d 1451, 1455 (11th Cir. 1997).

Here, the district court did not err in applying the three-level increase for possession of a dangerous weapon. At the sentencing hearing, the victim, Jessica Payne, a postal employee who was working the counter during Smith's robbery, testified that when Smith entered the post office, he had his right hand inside his jacket pocket. Smith told Payne, "This is a robbery, give me what you got," and nudged his concealed hand towards her. While Smith gave Payne orders to give him all of the money and then to give him money orders and the money order machine, he continued to nudge his concealed hand at her. Payne testified that it "looked like something was in there pointing at [her]," and she believed it was a gun. Smith never removed his right hand from his pocket while he was in the post office.

Although Smith objects to the district court's finding that he nudged his hand towards Payne while his hand was inside his jacket, the district court did not clearly err in crediting Payne's testimony that he did so. Furthermore, based on both Payne's subjective perception that Smith was pointing a gun at her and the objective circumstances of the robbery to which Payne testified, the district court did not clearly err in finding that Smith intended the appearance of a dangerous

weapon in his concealed hand.  Therefore, the district court did not err in applying

§ 2B3.1(b)(2)(E)'s three-level increase to Smith's offense level.

**AFFIRMED.**