[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14532
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80031-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MCDONALD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Joseph McDonald appeals his convictions and 240-month sentence after a jury convicted him of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He raises three arguments on appeal. First, he asserts that the district court abused its discretion by admitting evidence of his previous conviction for being a felon in a possession of a firearm. Next, he argues that his constitutional rights were violated by the imposition of a sentencing enhancement based on his prior convictions that were not alleged in the indictment or found by a jury. Finally, he contends that the district court erred by imposing a two-level sentence enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. After careful review, we affirm.

## I. BACKGROUND

### A.    Factual Background

On July 28, 2013, officers with the Palm Beach Gardens Police Department responded to a call about a stolen vehicle in progress. Officer Robert Boschen arrived at the scene and saw a suspicious vehicle travel through the same intersection twice. Officer Boschen decided to conduct an investigatory stop and when he turned on the lights of his patrol car, the vehicle sped up and fled on to the highway.

At this point, another officer, Sergeant Randy Buntin joined the pursuit. The vehicle eventually stopped and Defendant exited the rear passenger door.

Defendant had his hands at his waistline.  Sergeant Buntin ordered Defendant to stop, and when Defendant did not comply, Sergeant Buntin tased him.  As he was being tased, Defendant dropped a white plastic bag on the ground.  Officers eventually placed Defendant under arrest and recovered a Smith & Wesson semiautomatic pistol from the white bag.

Subsequently, on December 17, 2013, Corporal Brian Cullen received information about a potential stolen vehicle being driven by Defendant near a residential community.  Corporal Cullen went to the area and observed Defendant driving the stolen vehicle.  After Defendant parked the car, Corporal Cullen activated his patrol lights, which caused Defendant to drive over a parking hump and flee.  Corporal Cullen pursued Defendant, but because Defendant was passing cars and driving at a high rate of speed, Corporal Cullen's supervisor called off the pursuit to avoid endangering the public.  Corporal Cullen eventually found the vehicle unoccupied and parked in the residential community.  As Corporal Cullen waited near the vehicle, he observed Defendant exit a stairwell.  Upon being approached by Corporal Cullen and his partner, Defendant immediately fled and dropped the plastic bag that he was holding.  Defendant refused the officers' commands to stop, so Corporal Cullen tased him.  Defendant was later placed under arrest.  Another officer canvassed the area where Corporal Cullen had observed Defendant and found a briefcase which contained a MAC-10 firearm and

3

several rounds of ammunition.  Forensic investigators later found Defendant's DNA on the firearm.

## B.    Procedural History

A federal grand jury returned an indictment against Defendant, charging him with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  Defendant pleaded not guilty and proceeded to trial.

Prior to trial, the Government provided Defendant with written notice of its intent to introduce Defendant's 2013 conviction for being a felon in possession of a firearm, pursuant to Federal Rule of Evidence 404(b), for the purpose of showing Defendant's intent, knowledge, absence of mistake, or lack of accident.  The Government later filed a motion *in limine* to formally introduce this evidence. Defendant responded that the introduction of his prior conviction for being a felon in possession was inadmissible because he was not seeking a defense of mistake or accident and introduction of that evidence would be unduly prejudicial.

At trial, after the Government presented its case, it sought to formally introduce evidence of Defendant's prior conviction for being a felon in possession of a firearm.  Defendant argued that the introduction of such evidence would be unduly prejudicial and that a limiting instruction would not provide an adequate remedy.  The district court permitted the evidence of Defendant's prior conviction, but excluded the underlying nature of the offense as unfairly prejudicial.  After the

4

district court provided a limiting instruction to the jury, the Government introduced a certified judgment showing that Defendant had a prior conviction for being a felon in possession of a firearm.

Defendant presented the testimony of one witness and then rested his case. In its closing argument, the Government relied on Defendant's prior conviction to argue that the jury may consider the fact that Defendant knowingly possessed a firearm before to conclude that he knowingly possessed the firearms in the present case. The jury returned a guilty verdict on both counts.

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned Defendant a base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3) because Defendant committed the present offense subsequent to sustaining at a felony conviction for a controlled substance offense. Defendant received various enhancements, including a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. Defendant's adjusted offense level was 30, but because he was armed career criminal under 18 U.S.C. § 924(e) based on his prior convictions for serious drug offenses, Defendant's total offense level was 33. Based on a total offense level of 33 and a criminal history category of V, Defendant's advisory guideline range was 210 to 262 months' imprisonment.

Defendant filed objections to the PSR. Of relevance, he argued that the two-level enhancement under § 3C1.2 that he received for creating a substantial risk of death or serious bodily injury should not be applied because Defendant was not the driver of the vehicle during the November 28, 2013 incident. He also objected to the Armed Career Criminal ("ACCA") enhancement because the prior convictions used to support that enhancement were not alleged in the indictment or proven to the jury beyond a reasonable doubt.

At sentencing, the district court overruled Defendant's objection to use of his prior convictions to support the ACCA enhancement in light of binding precedent. As to his objection to the reckless endangerment enhancement, the Government called Corporal Cullen who reiterated that Defendant sped away as Corporal Cullen attempted to initiate a traffic stop on December 17, 2013. He described that Defendant's vehicle reached speeds of 80 miles per hour, passed other vehicles in a no-passing zone, and entered an intersection from the wrong lane of traffic. The court determined that the reckless endangerment enhancement was appropriate because of Defendant's reckless driving, which caused officers to call off their pursuit rather than endanger others. The district court determined that Defendant's advisory guideline range was 210 to 262 months' imprisonment based on his status as an armed career criminal. After considering the 18 U.S.C.

6

§ 3553(a) factors, the district court sentenced Defendant to 240 months' imprisonment.  This appeal followed.

## II.  DISCUSSION

### A.    Admission of Evidence of Prior Conviction

Defendant argues first that the district court erred under Rule 404(b) by permitting the Government to introduce evidence of his prior conviction for being a felon in possession of a firearm.

We review the district court's admission of evidence under Rule 404(b) for an abuse of discretion.  *United States v. Giordano*, 261 F.3d 1134, 1140 (11th Cir. 2001).  Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  However, the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*  "Rule 404(b) is a rule of inclusion" and thus "like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case."  *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

Here, the district court did not abuse its discretion by admitting evidence of Defendant's prior conviction for being a felon in possession of a firearm.  To be

admissible under Rule 404(b): "1) the evidence must be relevant to an issue other than the defendant's character; 2) sufficient evidence must be presented to allow a jury to find that the defendant committed the extrinsic act; and, 3) the probative value of the evidence must not be substantially outweighed by its undue prejudice." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). Defendant's argument centers on the first and third prongs.[1]

As to the first prong, the evidence was relevant to an issue other than Defendant's character, namely whether Defendant knowingly possessed the firearm. *Id.* Because Defendant did not admit or stipulate to having possessed the firearm, the Government was required to prove this element and attempted to do so by introducing evidence of Defendant's prior conviction for unlawful possession of a firearm. *See United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (concluding that the district court did not abuse its discretion by admitting evidence of defendant's prior conviction to show that defendant "knowingly possessed a firearm at another point in time"); 18 U.S.C. § 922(g)(1).

Defendant asserts that the district court improperly relied on *Jernigan* to find the evidence admissible under Rule 404(b) because Defendant's defense was not that he lacked knowledge of the firearms, but that he never possessed the firearms

---

[1] Although Defendant presents no argument related to the second prong, this prong is met because the Government submitted a certified judgment of Defendant's prior conviction. *See Jernigan*, 341 F.3d at 1282 (stating that a conviction is adequate proof to show that a defendant committed a prior act).

at all.  Defendant's attempt to distinguish the circumstances of the present case from *Jernigan* is misplaced.  In *Jernigan*, we held that the district court did not abuse its discretion by admitting evidence of the defendant's prior conviction for being a felon in possession of a firearm.  *See Jernigan*, 341 F.3d at 1281 (explaining that there is a "logical connection" between knowingly possessing a firearm on one occasion and knowledge of the firearm on a subsequent occasion).  Like Defendant, the defendant in *Jernigan* also disputed having actually possessed the firearm at issue and not merely having knowledge or intent regarding the proximity of the firearm.  *See Jernigan*, 341 F.3d at 1276 (stating defendant's claim that the firearm "was not his").

Finally, as to the third prong, the evidence of Defendant's prior conviction was more probative than prejudicial because it was the same offense as the offenses charged in the present case.  *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) ("A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense.").  "Whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense."  *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (alteration and quotations omitted).  The district court recognized the potential prejudice of introducing the nature of Defendant's prior conviction—shooting into

9

an occupied vehicle—and therefore excluded that information.  The district court also instructed the jury twice that it may consider the evidence of Defendant's prior conviction only for the limited purpose of determining whether Defendant had the state of mind necessary to commit the crimes charged in the indictment.  *See Jernigan*, 341 F.3d at 1282 (concluding that the probative value of the evidence regarding defendant's prior convictions was not substantially outweighed by its prejudicial impact in part because the district court gave limiting instructions and excluded the potentially prejudicial aspects of defendant's convictions).  Accordingly, we cannot conclude that the district court abused its discretion by admitting this evidence.

### B.    Use of Prior Convictions for Enhancement Purposes

Defendant further contends that his sentence was improperly enhanced under the ACCA based on prior convictions that were not charged in the indictment or proven to a jury beyond a reasonable doubt.

In *Almendarez-Torres v. United States*, the Supreme Court held that, in the context of § 1326(b)(2)'s penalty provision, a defendant's prior conviction is not an element of the offense, and therefore, it need not be charged in an indictment or proven to a jury beyond a reasonable doubt.  523 U.S. 224, 226–27, 244 (1998). We have explicitly stated that *Almendarez-Torres* remains binding precedent

unless and until the Supreme Court overrules it. *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014).

As Defendant concedes, his argument is foreclosed by *Almendarez-Torres*. *See Almendarez-Torres*, 523 U.S. at 226–27. We are bound by that holding unless and until it is overruled by the Supreme Court. *See Harris*, 741 F.3d at 1250.

## C.    U.S.S.G. § 3C1.2 Enhancement

Defendant also argues that the district court erred by imposing the two-level enhancement under § 3C1.2 because the circumstances surrounding his flight from police did not create a substantial risk of death or bodily injury.

We review the district court's findings of facts for clear error and its application of the Guidelines to those facts *de novo*. *United States v. Martikainen*, 640 F.3d 1191, 1193 (11th Cir. 2011). Section 3C1.2 of the Sentencing Guidelines provides for a two-level increase in a defendant's offense level if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. The term reckless "refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *United States v. Matchett*, 802 F.3d 1185, 1197 (11th Cir. 2015) (quotations omitted).

11

Because Defendant's total offense level was determined by his ACCA status, his challenge to the two-level reckless endangerment enhancement will make no difference to his guideline range given that his argument regarding the use of his prior convictions to support the ACCA enhancement is foreclosed by binding precedent.  In any event, the district court did not err by imposing the two-level enhancement for reckless endangerment during flight.  As noted by the district court, Corporal Cullen testified that Defendant traveled at 80 miles per hour in a 60 mile-per-hour zone, he passed other vehicles in a no-passing zone, and entered an intersection in the wrong lane of traffic.  Defendant's actions while fleeing police represented a gross deviation from the standard of care that a reasonable person would have exercised.  *See id.*  Indeed, Defendant's actions were such that officers had to call off their pursuit out of fear that someone would be injured during the chase.  *Cf. United States v. Washington*, 434 F.3d 1265, 1268 (11th Cir. 2006) ("Driving a car at high speed in an area where people are likely to be found constitutes reckless disregard for others' safety.").  In short, the district court properly applied the two-level enhancement under § 3C1.2.

## III.  CONCLUSION

For the foregoing reasons, Defendant's convictions and sentences are **AFFIRMED**.