[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12041
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20726-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 16, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

James Bell appeals following his conviction and 264-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). In calculating his sentence, the district court relied on the guideline for attempted murder,

because he possessed the firearm in connection with a shooting.  On appeal, Bell argues that the district court erred in imposing a four-point enhancement for injury to a victim because there was insufficient evidence that he caused the injury and that the injury was likely to be permanent.[1]  After careful review, we affirm.

We review a district court's application of the guidelines to the facts de novo and all factual findings for clear error.  United States v. Martikainen, 640 F.3d 1191, 1193 (11th Cir. 2011).  A district court's determination of whether a victim's injuries meet the threshold for an enhancement is a factual finding.  United States v. Torrealba, 339 F.3d 1238, 1246 (11th Cir. 2003).  We will not find clear error "unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed."  United States v. Poirier, 321 F.3d 1024, 1035 (11th Cir. 2003) (quotation omitted).

If the victim of an attempted murder sustained a permanent or life-threatening bodily injury, a four-level increase to the offense level applies.  U.S.S.G. § 2A2.1(b)(1).  A "permanent or life-threatening bodily injury" is defined, in part, as "an obvious disfigurement that is likely to be permanent."  Id. § 1B1.1, cmt. (n.1(J)).

Bell first argues that the district court erred in applying the four-point enhancement to his sentence for attempted murder based on the injury that the

---

[1] In his initial brief, Bell challenged the validity of his guilty plea, but concedes in his reply brief that the court did not err in accepting the plea.

2

victim, Darius Davis, suffered, because a nearby shooting had occurred simultaneously to the one attributed to Bell and there was insufficient evidence that Bell was the one who shot Davis in the face. We disagree. For starters, bystander Alexey Aguilar testified at trial that he had witnessed a shooting outside of a store on Northwest 191st Street in Miami Gardens on May 31, 2016, in which two individuals had been arguing until one drew a gun and fired. Aguilar said that after the shooting, both men ran from the scene, and as Aguilar drove away, he called 911, described the shooter, and told the operator that he saw the shooter get into a white Impala with a damaged passenger side door. He then saw law enforcement stop the vehicle two minutes later.

Sylvia Caceres, a patrol officer, testified at trial that she had responded to the shooting on May 31 and conducted a traffic stop on a white Impala, and Bell was in the passenger seat with a woman driving. When a black sweatshirt that matched the description of the shooter's clothing was found in the backseat, Bell was detained for questioning. Officers eventually searched the woman's purse and located a firearm inside, loaded with ammunition.

In a 911 call played for the jury, Aguilar reported that it looked like the victim was shot near the face, but he was not sure if the bullet missed. Omar Vega, a paramedic firefighter, testified that when he found Davis at "180-something" Street and 27th Avenue Northwest, he treated him for a superficial bullet wound to

3

his face. Shanika Slaughter, part of the Miami Gardens Crime Scene Unit, testified that she had responded to Davis's shooting, and had photographed him on 185th Street. She said he had an apparent gunshot wound to his face. A firearms expert did not testify at trial because just before the government presented him, Bell changed his plea to guilty.

At sentencing, Bell's presentence investigation report ("PSI") summarized the trial evidence and added additional facts, including that: (1) a shell casing found at the scene of the shooting matched the firearm found in Bell's possession; (2) a surveillance video of the shooting at Northwest 191st Street shows the shooter firing at the victim's face; (3) Aguilar told 911 operators that the shooter fired at the victim's face; (4) Davis suffered a gunshot wound to the face; and (5) Davis was likely to suffer permanent scarring.

On this record, the court did not clearly err in finding that Bell is the person who caused Davis's injury. Together with Officer Caceres's testimony, the discovery of a shell casing at the scene that matched the firearm found in Bell's possession, and the video surveillance of the shooting, Aguilar provided testimony to support a finding -- and Bell has not expressly disputed on appeal -- that Bell fired a gun at another person's face. In addition, Vega and Slaughter testified that Davis was treated nearby shortly thereafter for a gunshot wound to his face. Because witnesses provided testimony to support findings that Bell fired a gun at

another person's face and the alleged victim was treated nearby shortly thereafter for a gunshot wound to his face, the record does not suggest that the district court clearly erred in finding that Bell shot Davis.   See U.S.S.G. § 2A2.1(b)(1); Poirier, 321 F.3d at 1035.

Moreover, there was no clear error in the finding that the victim's scar was an obvious disfigurement that was likely to be permanent.   A review of the photograph that the court relied on -- even if taken near the time of injury -- does not leave us with any indication that a mistake was made.   See U.S.S.G. § 1B1.1, cmt. (n.1(J)); Poirier, 321 F.3d at 1035.

Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] In addition, Bell's motions for leave to file a supplemental brief and for a stay of appellate proceedings are DENIED.