[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13718
Non-Argument Calendar

————————————————

D.C. Docket No. 6:19-cr-00258-WWB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVON KEITH HOLMES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(May 27, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Kevon Holmes appeals his 103-month sentence for conspiring to distribute

fentanyl, distributing fentanyl, and possessing a firearm as a felon. He argues that

the district court erred in applying a two-level enhancement to his sentence under

United States Sentencing Guidelines Manual § 2D1.1(b)(1) for possessing a firearm during his drug offenses. He also argues that his sentence is substantively unreasonable. We affirm.

I.

A confidential source told the Palm Bay Police Department that Kevon Holmes sold heroin; based on this intelligence, law enforcement set up controlled "buys" from Holmes. At the direction of law enforcement, the confidential source "bought" drugs from Holmes seven different times from March 2019 to May 2019. The confidential source would arrange to purchase heroin; Holmes would then deliver a bag containing a substance that law enforcement believed was heroin. Field tests that were conducted after each buy showed that the substance contained a mixture of heroin and fentanyl; DEA lab reports, though, reflected that the substance contained only fentanyl. All seven controlled buys took place at a gas station in Palm Bay. Holmes was in a different car for each sale.

On June 27, 2019, the Brevard County Sheriff's Office arrested Holmes for an unrelated arrest warrant for failure to appear in state court. After authorities apprehended him, they searched the vehicle that they had seen him driving earlier that day. Inside, they found a stolen pistol loaded with one round in the chamber. They also found what they suspected to be heroin, though they never tested the

substance.  Law enforcement later learned that the car was registered to Holmes's aunt; he had not driven it to any of the seven controlled buys.

A grand jury returned a nine-count indictment, charging Holmes with one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846, seven counts of distributing and possessing with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Holmes pleaded guilty to each of the offenses.

The United States Probation Office then prepared a presentence investigation report.  The probation officer applied a two-level enhancement to Holmes's Guidelines sentence under U.S.S.G. § 2D1.1(b)(1); that guideline provides for an enhancement where a "dangerous weapon (including a firearm) was possessed."  After applying the enhancement, the probation officer concluded that Holmes's advisory guideline range was 92 to 115 months' imprisonment.

Holmes objected to the two-level firearms enhancement.  He argued that the gun was not connected to his drug-related conduct; according to him, there was no "nexus" between the gun and his earlier drug-related crimes.  The district court overruled his objection, stating that the proximity between the gun and the suspected drugs was enough to warrant applying the enhancement.  After hearing

3

arguments from both sides as to the most appropriate sentence, the court sentenced Holmes to 103 months' imprisonment.

This appeal followed.

## II.

We review for clear error the district court's finding that § 2D1.1(b)(1) applies. *United States v. George*, 872 F.3d 1197, 1204 (11th Cir. 2017). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

## III.

The Sentencing Guidelines provide for a two-level enhancement when a defendant possesses a dangerous weapon, including a firearm. U.S.S.G. § 2D1.1(b)(1). For the enhancement to apply, the government must show by a preponderance of the evidence that a weapon was present during the offense of conviction or during related relevant conduct. *United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir. 1997). Relevant conduct includes acts that were part of the "same course of conduct or common scheme or plan as the offense of conviction." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006) (quotation omitted). Evidence of "proximity between guns and drugs, without more, is sufficient to meet the government's burden." *United States v. Carillo-Ayala*, 713 F.3d 82, 91–92 (11th Cir. 2013). If the government meets this initial burden, then

4

the burden shifts to the defendant to make a difficult showing that the connection between the firearm and the charged offense was "clearly improbable." *George*, 872 F.3d at 1204.

In *United States v. Stallings*, we held that a district court clearly errs in applying the firearms enhancement when the government does not produce any evidence that the defendant possessed the firearm in question during conduct associated with the drug-trafficking crimes. 463 F.3d at 1221. There, the police arrested the defendant in his home for his role in a narcotics conspiracy and found three handguns. *Id.* at 1220. But the government never proved that any activities related to the drug conspiracy took place at the defendant's home. *Id.* at 1220–21. In fact, the government never addressed the possibility that the firearms might belong to someone else in the residence. *Id.* In holding that the court clearly erred in applying the enhancement, we explained that the mere fact that a drug offender possesses a firearm is not enough to warrant its application; instead, there must be a nexus between the firearms and the drug crimes. *Id.* at 1221.

Here, unlike in *Stallings*, the district court did not clearly err in concluding that the firearm was present during conduct related to the drug offenses. To start, Holmes pleaded guilty to possessing a gun and to participating in a fentanyl-distribution conspiracy. There is no question that he possessed the gun. And there is also no question that the drug-related conspiracy continued through June 27,

5

2019—the day that he was arrested and found with the gun. So the undisputed facts establish that Holmes possessed the firearm while the fentanyl-distribution conspiracy was still ongoing. *See George*, 872 F.3d at 1204.

Moreover, Holmes does not dispute that the officers found suspected drugs next to the gun—and evidence that Holmes could have used the firearm to protect criminal activity is sufficient to show a connection between the firearm and the drug-related offenses.[1] *See Carillo-Ayala*, 713 F.3d at 91–92. To be sure, the officers suspected that the substance they found next to the gun was heroin, not fentanyl. But the officers made that same (incorrect) assumption during each of the seven controlled buys. After each sale, the officers suspected that Holmes had sold the confidential source a substance containing heroin, though Holmes was ultimately charged with distributing fentanyl. Field tests even reflected that the substance contained heroin, and Holmes's presentence investigation report states that the "illegal drugs involved" were both heroin and fentanyl. With that in mind, it was reasonable for the court to conclude that this suspected heroin was relevant to Holmes's drug-conspiracy charge which, again, extended to the date of his arrest. And we have affirmed the application of the § 2D1.1(b)(1) enhancement

---

[1] Holmes did not object to the presentence investigation report's factual finding that the officers found suspected heroin next to the gun. Where the parties do not dispute the factual allegations in the presentence investigation report, we review the court's decision to enhance a sentence based on those undisputed facts. *See United States v. Martikainen*, 640 F.3d 1191, 1193 (11th Cir. 2011).

before simply based on the proximity of a firearm to drugs. *See, e.g., United States v. Hunter*, 172 F.3d 1307, 1309 (11th Cir. 1999).

So because Holmes possessed the firearm during the time period of the conspiracy and because suspected drugs were found next to the gun, we cannot say that the court clearly erred in determining that the firearm was possessed "during conduct associated with the offense of conviction." *Stallings*, 463 F.3d at 1220. Moreover, Holmes did not meet his "heavy burden of negation" to show that this connection between the firearm and his charged offenses was clearly improbable. *Carillo-Ayala*, 713 F.3d at 90. We accordingly affirm the application of the firearms enhancement.

## IV.

A party challenging a sentence must show that the sentence is unreasonable in light of the record, the 18 U.S.C. § 3553(a) factors, and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). The weight that each § 3553(a) factor should receive is a matter within the sound discretion of the district court. *See United States v.*

7

*Williams*, 526 F.3d 1312, 1322–23 (11th Cir. 2008). Though we do not presume that a within-Guidelines sentence is reasonable, that is one indicator of substantive reasonableness; another is whether the sentence falls below the statutory maximum. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Holmes "humbly disagrees" with the district court's assessment of the § 3553(a) factors. But it was his burden to establish that his sentence was substantively unreasonable—and he has not done so. *Irey*, 612 F.3d at 1191 n.16. In fact, he has not pointed to any specific § 3553(a) factors that the judge incorrectly weighed or failed to consider.

Here, the district court stated that it had considered all of the § 3553(a) factors before arriving at its chosen sentence; it even specifically addressed some of those factors when it mentioned Holmes's "bad record," his "habit of running from the police," and his persistent pattern of violating conditions of supervision. *See* 18 U.S.C. § 3553(a)(1)–(2). It also stated that it had considered Dr. Johnson's testimony, which focused on Holmes's upbringing; the court even directed Holmes to participate in mental-health treatment "as recommended by Dr. Johnson." *See id.* § 3553(a)(2). Holmes's sentence is within his guideline range and below the statutory maximum—both of which indicate that the sentence is reasonable. *See Hunt*, 526 F.3d at 746; *Croteau*, 819 F.3d at 1310. We conclude that Holmes's

8

103-month sentence lies within the range of reasonable choices; it accordingly is

not substantively unreasonable. *Irey*, 612 F.3d at 1190.

**AFFIRMED.**